(No. 14218.—Judgment affirmed.)

THE PEOPLE ex rel. M. P. Murray, Jr., County Collector, Appellee, vs. THE ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1921.*

TAXES—*detention home tax may be levied in the year in which the act is adopted by election.* Section 6 of the act of 1907 for the establishment and maintenance of detention homes, providing that where the act is adopted by election in any county and the county judge has entered an order declaring the act in force a tax "shall thereafter be annually levied and collected," means that the tax may be levied annually after the act is in force in said county, and not that the first levy cannot be made until the year following the adoption of the act.

CARTWRIGHT and DUNN, JJ., dissenting.

APPEAL from the County Court of St. Clair county; the Hon. JOSEPH B. MESSICK, Judge, presiding.

KRAMER, KRAMER & CAMPBELL, (JOHN G. DRENNAN, of counsel,) for appellant.

H. E. SCHAUMLEFFEL, State's Attorney, and W. R. WEBER, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of St. Clair county overruling the appellant's objections to judgment against its property for a detention home tax.

At the general election held November 2, 1920, St. Clair county by vote of the people adopted the act of 1907 authorizing the establishment and maintenance of a detention home, and the county judge entered an order of record declaring the act in force in that county. Section 5 of the act as amended in 1919 provides that where the act is in force, in addition to other taxes, the board of supervisors

shall have power and authority "to annually levy and collect a tax not exceeding two-thirds of one mill on the dollar valuation upon all property within the county" for the purpose of establishing and maintaining a detention home. Section 6 provides for an election on the question of adopting the act, and that where an election is held and the act adopted and the county judge enters an order of record so declaring, the tax authorized by the act "shall thereafter be annually levied and collected" until such time as the legal voters of the county shall abandon the act in manner provided by section 7. At an adjourned meeting of the board of supervisors December 4, 1920, it passed a resolution for the levy of $26,000 for a detention home, and pursuant to the resolution the tax was extended at the rate of five cents on the $100. Appellant refused to pay that tax and objected to the application for judgment and order of sale. The court overruled the objection and rendered judgment, from which this appeal is prosecuted.

Appellant says in its brief: "The sole question presented in this case is whether or not the county board had the right to levy a tax for the establishment and maintenance of a detention home in the year 1920." It is argued the provision of the statute that the tax shall "thereafter be annually levied and collected" means for the years subsequent to the year when the act was adopted and went into force, and that the county board was without authority to levy any tax authorized by statute until 1921. It is true as appellant asserts, that the power of the board of supervisors to levy a tax is derived from the legislature and that such power will be strictly construed and must be exercised within the terms of the statute, but we are of opinion the construction contended for by appellant is unwarranted. As we read and understand the statute, its clear meaning and intent is the same as if it read, "after the act is in force" the tax shall be annually levied, and that the year in which the act is adopted is one of the years for

which the tax is authorized to be levied. We are referred to no authority on the question and its decision depends wholly on the meaning and intent of the statute. To our minds there is nothing in the statute to indicate that it was intended to restrict the authority to levy the tax to the years following the expiration of the year in which the act was adopted, and so far as we are able to see there is no reason for any such restriction.

In our opinion the judgment of the county court was correct, and it is affirmed. *Judgment affirmed.*

CARTWRIGHT and DUNN, JJ., dissenting.