THE PEOPLE *ex rel.* Archie N. Vance, County Collector, Plaintiff in Error, *vs.* WALTER L. Ross, Receiver, Defendant in Error.

*Opinion filed October 24, 1916.*

1. TAXES—*right to levy a hard road tax must be strictly construed.* The right to levy a hard road tax is not inherent in the voters of a township and the power and authority to levy such a tax must be strictly construed, and the only power conferred upon the voters of a town to impose such a tax is found in the Road and Bridge act of 1913.

2. SAME—*under the Road and Bridge act of 1913 voters cannot impose hard road tax to begin in the future.* The language of the Road and Bridge act of 1913 plainly indicates that a town shall be permitted to vote only upon the proposition of imposing a hard road tax to begin with the current year, and nowhere in the act is any power or authority given to the voters of a town to impose such a tax to begin in the future.

3. SAME—*proposition for a hard road tax must be voted on at annual election if possible.* The Road and Bridge act of 1913 contemplates having the proposition for a hard road tax voted upon at the time of the annual election when possible, and it must be voted upon at the annual election if there is time to present the proposition of imposing the tax for the year in which the election is held.

4. SAME—*purpose of provision of Road and Bridge act of 1913 for a special election to impose hard road tax.* The evident purpose of the provision of the Road and Bridge act of 1913 providing for the holding of a special election on the proposition of imposing a hard road tax is to enable the voters of the town to have an opportunity to vote on the proposition where the petition has been presented too late to submit the question at the annual town election, and, in case it carries, to have a tax levied the same year.

WRIT OF ERROR to the County Court of Edgar county; the Hon. DAN V. DAYTON, Judge, presiding.

W. H. HICKMAN, State's Attorney, and F. C. VAN-SELLAR, for plaintiff in error.

C. E. POPE, and H. F. DRIEMEYER, (CHARLES A. SCHMETTAU, of counsel,) for defendant in error.

Mr. Justice Cooke delivered the opinion of the court:

The county collector made application in the county court of Edgar county for judgment and order of sale against the property of Walter L. Ross, receiver of the Toledo, St. Louis and Western Railroad Company, defendant in error, for delinquent taxes of 1914. It was admitted that the collector had made a *prima facie* case, and the cause was submitted to the court upon stipulation as to the facts.

The taxes objected to were the hard road taxes for the town of Ross. On July 24, 1913, a petition signed by freeholders and addressed to the supervisor of the town of Ross was presented to the highway commissioners of that town for "a special election for the purpose of voting for or against levying a special tax at the rate of one dollar on each $100 of the assessed valuation of all the taxable property, including railroads, in said town, for each year for a period of five years, beginning in 1914, to be used in the construction and maintenance of gravel, rock, macadam and other hard roads" described in the petition. The commissioners considered the petition and determined to call a special election. After various steps had been taken, notices of an election to be held on August 23, 1913, "for or against levying a tax at the rate of one dollar * * * for each year for a period of five (5) years, beginning in 1914, to be used in the construction and maintenance of gravel, rock, macadam or other hard roads" therein described, were posted.

Numerous objections were filed to the tax. The proceedings were had immediately after the present Road and Bridge act became effective, and the steps taken in the matter of presenting the petition, acting upon it and the holding of an election were evidently designed to comply both with the new act and the one which it had superseded. Among the objections to the tax were three to the effect that the tax was invalid because the proposition voted upon

at the special election was for the levying of a tax for the year 1914 and for four succeeding years and not for the levying of a tax for the current year and four succeeding years, it being contended that the statute does not warrant or authorize the taking of a vote upon the proposition of levying a hard road tax to commence in any year except the year in which the election is held.

The right to levy a hard road tax is not inherent in the voters of a township. The power and authority to levy such a tax is granted by act of the legislature, and this power must be strictly construed. The only power conferred upon the voters of a town to impose a tax for hard roads is found in the Road and Bridge act of 1913. By section 108 of that act it is provided that on petition of a certain per cent of the land owners who are legal voters of the town, addressed to the town clerk in counties under township organization or to the district clerk of road districts in counties not under township organization, the clerk shall, when giving notice of the time and place of holding the next annual town meeting or road district election, also give notice that a vote will be taken for or against an annual tax in the township or road district for the purpose of constructing and maintaining hard roads. The section provides that the petition shall state the location and route of the proposed road and also the annual rate per cent, not exceeding one dollar on each $100, and the number of years, not exceeding five, for which said tax shall be levied. It further provides that if in any such petition a special election shall be requested for such purpose it shall be called in the manner provided for in the act. Section 110 provides that if the result of the election shall be in favor of a special tax it shall be the duty of the commissioners of highways of towns or road districts to levy an annual tax in accordance with the vote and certify the same to the county clerk; that the county clerk shall cause such levy to be extended on the tax books for the current year

and for each succeeding year, as stated in the certificate, provided the length of time to which the special tax levied shall continue shall not exceed five years. Nowhere in the act is any power or authority given to the voters of a town to impose such a special tax to begin in the future. On the other hand, the language of the act plainly indicates that the town shall be permitted to vote only upon the proposition of imposing a special tax to begin with the current year. The act provides for the holding of a special election when the proposition cannot be submitted at the annual election, and directs the county clerk to extend the levy certified to him on the tax books for the current year and for each succeeding year. The holding of a special election in August, 1913, to submit the proposition of levying a special tax to begin with the year 1914 was entirely unnecessary. The statute contemplates having this proposition voted upon at the time of the annual election when possible, and there would have been ample time to have presented the proposition of imposing this tax for that year and for four succeeding years to the voters of the town at the annual election in 1914. The evident purpose of providing for the holding of a special election is to enable the voters of the town to have an opportunity to vote on the proposition when the petition has been presented too late to submit the question at the annual town election, and, in case it carries, to have a tax levied the same year.

The proposition submitted to the voters of the town of Ross not being such as was authorized or permitted by the statute the tax objected to is invalid.

In the view we have taken it is unnecessary for us to pass upon the numerous other objections.

For the reason given, the judgment of the county court is affirmed.

*Judgment affirmed.*