(No. 13735.—Reversed in part and remanded.)
THE PEOPLE *ex rel.* C. W. Frazier, County Collector, Defendant in Error, *vs.* JOHN BARTON PAYNE, Director General of Railroads, *et al.* Plaintiffs in Error.

*Opinion filed February 15, 1921.*

1. TAXES—*power to levy hard roads tax must be strictly construed.* The authority to levy a hard roads tax is derived solely from the statute and the power must be strictly construed and exercised within the terms of the act.

2. SAME—*hard roads tax cannot be levied for year preceding election authorizing the tax.* Where a special election authorizes the levy of an annual tax for hard roads the tax is to be extended on the tax books for the current year and succeeding years, and the statute does not authorize the levy of a tax for the past year.

3. SAME—*additional school tax voted in 1914 may be levied until revoked by election.* An additional tax for school purposes authorized by an election in 1914 under section 189 of the School law as amended in 1913 may be levied annually thereafter until revoked by an election, as subsequent amendments to said section have not operated as a repeal and have not changed the limitation for the additional tax.

WRIT OF ERROR to the County Court of White county; the Hon. ULYS PYLE, Judge, presiding.

P. J. KOLB, and CHARLES T. RANDOLPH, (L. J. HACKNEY, and S. W. MERRELL, of counsel,) for plaintiffs in error.

JOE A. PEARCE, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of White county overruled objections of the plaintiffs in error, John Barton Payne, Director General for the United States, and the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, to a hard road tax of $273.73 in the town of Gray and $91.94 school tax

in school district No. 90, levied on the taxable property of the railway company, and the record was filed in this court as a return to a writ of error.

On February 3, 1920, a special election was held in the town of Gray to vote for or against an annual tax for the purpose of constructing and maintaining hard roads, and a majority of the ballots were in favor of the tax. The returns of the election were filed by the town clerk in the office of the county clerk on February 5, 1920, and the county clerk extended the tax upon the tax books for the year 1919 against the property of the railway company with the other taxes in the town of Gray. The election was authorized by section 108 of the Road and Bridge law enacted in 1913, (Laws of 1913, p. 521,) as amended in 1919. (Laws of 1919, p. 845.) Section 110 provides that if a majority of all the ballots cast at the election shall be in favor of the special tax it shall be the duty of the commissioner of highways of the township or road district to levy an annual tax in accordance with the vote and certify the same to the county clerk, who shall cause the levy thus certified to him to be extended on the tax books for the "current year and for each succeeding year as stated in the certificate so filed with him." The power and authority to levy the tax are derived solely from the act of the legislature, and the power must be strictly construed and exercised within the terms of the act. (*People* v. *Ross,* 275 Ill. 70; *Shaver* v. *Town of Elkhorn Grove,* id. 141.) The tax is to be extended on the tax books for the current year and succeeding years, and the act does not authorize the levy of a tax for the past year. The whole proceedings for the levy and assessment of taxes for the year 1919 were by law completed before the election. Tax books were required by law to be delivered within that year, and the collector's bond as prescribed by statute was for the taxes of that year. The whole proceedings having been finished and closed, the county clerk had no authority for extending the tax on the

tax books for the year 1919. His act was without authority of law because not within the terms of the statute, and the court erred in overruling the objection to the hard road tax.

An election was held in 1914 in school district No. 90 authorizing the levy of an additional tax above the limit fixed by the statute for school purposes and no election has been held since that time. The levy for 1919 called for $12,000 for educational purposes and $1800 for building purposes, and the county clerk extended the school tax at the rate of $2.40 on each $100 of assessed valuation of taxable property. The total tax against the property of the railway company was $327.79, and the company paid the tax except $90.14, which was objected to as excessive. The question submitted to the court was whether the tax was within the limit fixed by the statute, and the court overruled the objection and rendered judgment for the tax. The argument against the judgment is, that the act of 1913 authorizing an additional levy was repealed by subsequent amendments, and that to authorize the levy of any additional tax by virtue of an election it would be necessary to again hold an election in the district. The statute in force at the time of the election, in 1914, provided that with the assent of the voters of the district the board of education might thereafter, until such authority was revoked in like manner, levy rates for educational purposes and for building purposes in addition to the rates fixed by the statute, but the aggregate taxes could not exceed three per cent. (Laws of 1913, p. 585.) In 1915 the section authorizing an additional levy was amended but the provision and limitation remained the same. The authority was still to levy annually for educational purposes a tax in excess of one and one-half per cent but not exceeding the percentage mentioned in the proposition voted upon, and for building purposes such a percentage that the aggregate levy should not exceed three per cent. (Laws of 1915, p. 644.) In 1919 the legislature by an act approved June 23, 1919,

again amended section 189 of the School law, and increased the limit by providing that the aggregate levy for both educational and building purposes should not exceed four per cent. (Laws of 1919, p. 852.) The same legislature changed the basis for the assessment of property from one-third to one-half the actual value, and in order to limit the amount of taxes collected to the sums already provided for, passed numerous acts, and among them one amending section 189 so as to provide that the aggregate levy for both educational and building purposes should not exceed two and two-thirds per cent of the assessed value. (Laws of 1919, p. 856.) The purpose of that act was only to permit the raising of the same amount of money on the increased assessment that would have been raised on the limitation of four per cent on the former basis of valuation. The legislature first determined to raise the limitation of the aggregate levy to four per cent by the act of June 23, and by the subsequent act approved June 30 fixed the limitation at two and two-thirds per cent, which would produce exactly the same amount. The statute was never repealed by any of the amendments, but the tax was to be levied annually after the election of 1914 until revoked by the same means, and the rate of $2.40 on each $100 of assessed valuation of taxable property was within the limitation finally fixed. The additional tax was authorized by the election in 1914 and was to be levied annually thereafter until revoked in like manner, and there having been no revocation the court did not err in overruling the objection to the school tax.

The judgment is reversed as to the hard road tax and affirmed as to the school tax, and the cause is remanded to the county court.          *Reversed in part and remanded.*