(No. 18511.—

THE BOARD OF EDUCATION OF SCHOOL DISTRICT No. 41, Appellee, *vs.* CLARENCE V. WAGEMANN, County Clerk, Appellant.

*Opinion filed October 25, 1928.*

CHAUNCEY W. REED, State's Attorney, for appellant.

LOCKE & BAKER, (RICHARD F. LOCKE, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal by the county clerk of DuPage county from a judgment of the circuit court of that county overruling his demurrer to a petition filed by appellee, the Board of Education of School District No. 41 of that county, for a writ of *mandamus* directing him to extend taxes levied by appellee for the year 1927.

The allegations in the petition, filed September 9, 1927, are in substance the following: The petitioner is the board of education of said school district and is organized and operating under the general laws of the State of Illinois applicable to school districts. Pursuant to an election held on June 24, 1922, appellee was authorized to levy a tax of not more than three per cent for educational purposes and not more than one per cent for building purposes. Before the first Tuesday in August, 1927, appellee levied $90,000 for educational purposes and $30,000 for building purposes. The certificate of such levy was filed with the treasurer of the district on July 29, 1927, and by him returned to appellant on or before the second Monday in August, 1927. The full value of taxable property of the school district as last equalized by the Tax Commission of the State of Illinois for the year 1926 is $4,612,376 and the half value thereof is $2,306,188. Appellee requested appellant to extend a tax sufficient to produce $90,000 for educational purposes and $30,000 for building purposes, or so much thereof as would be within three per cent of the value of taxable property therein for educational purposes and one per cent of the value of taxable property therein for building purposes. Appellant refused so to do and refused to extend taxes in excess of one per cent for educational purposes and three-eighths of one per cent for building purposes. The prayer of the petition, which was verified by an affidavit, is for a writ of *mandamus* commanding the county clerk to extend taxes as prayed in the petition. Appellant filed a general demurrer to the petition, which was over-

ruled by the court. The further order and judgment of the court were that a writ of *mandamus* be issued commanding appellant to extend taxes for the year 1927 against all of the taxable property in the school district for an amount sufficient to produce the sum of $90,000 for educational purposes, such tax so to be extended not to be in excess of three per cent of the assessed value of taxable property in the school district, and a tax sufficient to produce the sum of $30,000 for building purposes, not in excess of one per cent of the value of taxable property in the school district.

The only question presented for decision is the effect of the amendment of 1927 of section 189 of the School law on the amount of taxes which appellee was authorized to levy.

Prior to the act of July 7, 1927, amending section 189 of the School act, (Laws of 1927, pp. 824-827,) the limit of taxation for school districts having less than 200,000 inhabitants was two per cent for educational purposes and three-fourths of one per cent for building purposes, or not more than three per cent for educational purposes and one per cent for building purposes where such excess levy was authorized by a vote of the electors of the district. The General Assembly of 1927 changed the basis for the assessment of property from one-half the actual value to the full cash value, and, to limit the amount of taxes collectible to the same amounts that were collectible prior to 1927, passed numerous acts reducing the rates of taxes theretofore authorized. Among these latter numerous acts reducing the rates of taxes is the one mentioned above amending section 189, in which the maximum rate authorized to be levied in school districts having less than 200,000 inhabitants is one per cent for educational purposes and three-eighths of one per cent for building purposes, or not more than one and one-half per cent for educational purposes and one-half of one per cent for building purposes where such excess

levy was authorized by a majority vote of the electors of the district.

The contention of appellant is that the amendatory act of July 7, 1927, operated as a repeal of section 189 as it existed theretofore, and that appellee is authorized to levy only one per cent for educational purposes and three-eighths of one per cent for building purposes until such time as it is authorized by a vote of the voters of the district to levy greater rates and within the limit of one and one-half per cent for educational purposes and one-half of one per cent for building purposes. On the other hand, appellee contends, and it seems to have been the view of the court below, that, notwithstanding the amendment of section 189 in 1927, appellee is still authorized to levy up to three per cent for educational purposes and one per cent for building purposes.

A question of practically the same import as the one here presented was determined by this court in *People* v. *Payne,* 296 Ill. 483. In that case it was held that the intent and effect of the amendment of section 189 of the School act in 1919, and another act passed in that year changing the rates authorized to be levied by school districts and changing the basis for the assessment of property from one-third to one-half the actual value, were merely to raise the assessed value of taxable property and at the same time lower the rate of taxation so that the amount of taxes collected would be limited to the exact sums already provided for before section 189 of the School act was amended in 1919. In said case it appeared that the school district had been authorized by a vote of the electors of the district at an election in 1914 to levy taxes in excess of the maximum authorized by the statute without a vote of the people, and the levy exceeded the maximum fixed by the act of 1919 but was within the maximum fixed by the latter act that might be levied with the approval of the vote of the electors of the district. It was held that the amendatory

act of 1919 did not operate as a repeal of section 189 as it had theretofore existed, but merely re-enacted it with a change in the rates authorized to be levied, and that the levy there in question was valid, as the same additional tax authorized by the election in 1914 was to be levied annually thereafter until revoked in like manner, and the same amount of taxes would be collectible in 1919 under the new enactments of that year as were collectible prior to the new enactments of 1919. The decision in that case was approved in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 300 Ill. 556. In the present case, however, the amount of taxes which appellee attempted to levy is in excess of the maximum authorized by the amendment of section 189 of the School act in 1927. The maximum rates that may be levied with the approval of the voters of a district at an election under section 189 as amended in 1927 are one and one-half per cent for educational purposes and one-half of one per cent for building purposes, and while under the authority of *People* v. *Payne, supra,* appellee is authorized to levy up to those maximum rates it has no authority to make levies in excess of those rates, since there is now no statutory authority for a larger levy. (*People* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* 316 Ill. 410.) The allegation of the petition is that appellee made the levy in this case "before the first Tuesday in August, 1927," and that a certificate of such levy was filed with the treasurer of the school district on July 29, 1927. On demurrer the allegations of a pleading must be taken most strongly against the pleader, and we must therefore assume that the levy was made after the 1927 amendment to section 189 of the School act became effective, which was approved July 7, 1927. Therefore the decision in *People* v. *New York, Chicago and St. Louis Railroad Co.* 316 Ill. 452, cited by appellant, does not apply to this case. In that case the levy had been made before the amendatory act went into effect.

Appellant refused to extend the taxes at a greater rate than one per cent for educational purposes and three-eighths of one per cent for building purposes. Appellee was entitled to have the taxes extended at the full rate of one and one-half per cent for educational purposes and one-half of one per cent for building purposes. These rates would not produce taxes in the sum of $90,000 for educational purposes and $30,000 for building purposes, but appellee is entitled to as much taxes for said purposes as the rates of one and one-half per cent for educational purposes and one-half of one per cent for building purposes would produce. Appellant was therefore not justified in his refusal to extend the taxes except at the minimum rates under the new enactments of 1927.

The court erred in its order commanding appellant to extend taxes for the year 1927 against all of the taxable property in the school district at a rate sufficient to produce the sum of $90,000 for educational purposes and $30,000 for building purposes on condition that the rates of taxation should not exceed three per cent of the taxable property of the district for educational purposes and one per cent for building purposes, for the reasons aforesaid. The demurrer, however, in this case was general, and for that reason the court would have been warranted, under the allegations of the petition, in ordering the clerk to extend the taxes at the rates to which appellee was entitled, after overruling the general demurrer. The record does not disclose that appellant extended the taxes at any rate whatever or that any taxes have been extended and collected for appellee.

For the aforesaid error of the court the judgment is reversed and the cause is remanded, with directions to overrule the demurrer to the petition and to permit either party to further plead, if so advised.

*Reversed and remanded, with directions.*