(No. 30807.—

THE PEOPLE *ex rel.* Thomas A. Willard, County Collector, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

ALLEN B. WOODARD, of Belvidere, and NELSON TROTT-MAN, of Chicago, (LOWELL HASTINGS, of Chicago, of counsel,) for appellant.

ALEXANDER J. STROM, State's Attorney, (OWEN M. JOHNSON, of counsel,) both of Belvidere, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

The appellant, Chicago and North Western Railway Company, objected to part of a school tax for School District No. 57 in Boone County, levied for the year 1944. The school district levied an educational tax of 1.985 per cent under section 189 of the School Law, (Ill. Rev. Stat. 1943, chap. 122, par. 212,) authorized by a favorable referendum vote in an election held in 1920 for the purpose of authorizing a tax of 2 per cent. The same section of the statute also provided that said rate "shall continue until authority is revoked in like manner." There was never any election revoking authority to levy a 2 per cent tax authorized by the election of 1920. In 1943, the year the tax levy was made, section 189 authorized a tax of 2⅖ per cent for educational purposes, if authorized by an election where a twelve-grade school is maintained, which this is stipulated to be, such rate to continue until such authority is revoked by an election.

The appellant does not question the validity of the election of 1920, but does say that section 189 of the School Law was repealed by the laws of 1927. In 1927 an amendment of section 189 provided that the tax limitation for educational purposes should be 1 per cent, and that the maximum permissible, pursuant to the authority of the voters, should not exceed 1½ per cent. An examination of other statutes indicates the purpose of these different changes in the tax rate for educational purposes was because of changes in the valuation of property for tax purposes.

At the time the election of 1920 was held the assessment valuation was fixed by law at one half of the fair cash market value, and later on, in 1927, the assessed value was based upon the full market value. From this it is argued that the law must have been repealed in spite of the fact that the statute of 1919, and for that matter at the present time section 189 also, so stipulate, provided that the rate shall remain in effect until changed by a referendum vote of the people. It does not occur to us why the changed assessed value of property should have the effect of repealing a statute fixing the rate of taxation for a municipal corporation. The method of fixing assessed value of property is made for all purposes of tax extensions, whether city, State, school, etc., but the rate of taxation depends upon the special powers of each separate municipal corporation, and the amount of taxable property within its confines. The rate of taxation is fixed by statute, and this is a limit beyond which taxes may not be levied.

There has been some change in section 189 of the School Law at practically every session of the legislature since the date of the election authorizing the rate in the instant case. During the year the tax was levied, 1944, the amount fixed by vote in the election of 1920 was within the limit fixed by law, but during the year 1927 the limit of the rate fixed for the educational tax was 1 per cent upon the assessed value, and it seems to be the argument

of appellant that this statute of 1927 operated as a repeal of the previous law and limited the rate to 1 per cent for educational purposes, and that the subsequent amendments of the statute raising the tax limitation as high as 4 per cent had no effect whatever upon levying taxes under the election of 1920, and hence, since there never has been another election, the levy should be limited to 1 per cent and the rate of 1.985 per cent is void to the extent of .985 per cent.

Appellant overlooks the fact this court has held that changing of the rate of levy in section 189 did not operate as a repeal of the section as it theretofore existed, but merely re-enacted it with a change in the rate authorized to be levied. (*Board of Education* v. *Wagemann,* 331 Ill. 428.) The primary question involved in this case was decided in *People ex rel. Frazier* v. *Payne,* 296 Ill. 483. There, also, an election was held under the 1914 School Law, authorizing an additional levy above the limit fixed by the statute for school purposes, and no election was held after that time. The levy for 1919 was objected to because it was claimed that a subsequent statute changing the rate had repealed it. The legislature had in 1919 changed the basis of assessment from one third to one half, and the court held that the additional tax of 1914 was authorized by an election, and should be levied annually thereafter until revoked in a like manner, and there having been no revocation of such power the court did not err in over-ruling the objection to the tax authorized by the election.

In the *Wagemann case* the result is the same, except that it holds the amount of taxes levied may not exceed the maximum fixed by section 189. During the year 1943 the maximum tax that might be levied for educational purposes was 2⅖ per cent. The tax authorized by the election was 2 per cent, and was not in excess of the maximum fixed by law. Appellant seems to contend, although it is not expressly so stated, that because the maximum for the year

1927 was 1 per cent, therefore, the law must have been repealed. But, we are not trying the tax objections for the year 1927. Such law might have limited the amount of the tax voted, but could not void the election. Moreover, we have held that these various amendments of section 189 do not repeal the law, but merely change the rate. And since the statute also expressly provides that the rate authorized by the election shall remain in force until recalled by another election, and since the rate for educational purposes has been increased to more than that voted at the election, no ground for objection remains.

Under the authorities it seems inescapable that, since the rate authorized by the election of 1920 was not recalled by a similar election, and since the rate for educational purposes fixed by that referendum is within the rate fixed for such purposes by section 189 of the School Code during the year for which the tax is levied, it was a lawful exercise of the taxing power.

We are not holding what effect the law of 1927 would have had upon the tax rate for that and immediately subsequent years, since that question is not before us, and since the school district may not have been required to levy up to the full amount of its authorization because of economic or other conditions existing at that time. In other words, the effect of a law fixing a maximum rate less than the referendum rate is not before us, as in this case not only is the maximum rate greater than the rate applied under the referendum of 1920, but it is established that the change in the tax rates for school purposes from time to times does not operate as a repeal, but merely a re-enactment of the prior law.

The judgment of the county court of Boone County in overruling the objection of appellant was correct and is affirmed.                    *Judgment affirmed.*