(No. 33695.—

THE PEOPLE *ex rel.* Maurice F. Joseph, County Collector, Appellant, *vs.* ST. LOUIS & BELLEVILLE ELECTRIC RAILWAY COMPANY, Appellee.

*Opinion filed November 23, 1955—Rehearing denied Jan. 16, 1956.*

RICHARD T. CARTER, State's Attorney, of Belleville, and McGLYNN & McGLYNN, of East St. Louis, (CHARLES M. WHEALON, of East St. Louis, of counsel,) for appellant.

POPE & DRIEMEYER, of East St. Louis, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

The sole question presented for decision by this appeal is the maximum rate at which taxes for the East St. Louis

Park District, except for bonded indebtedness and interest thereon, could be extended for the year 1951. The county court of St. Clair County, in hearing tax objections raised by the St. Louis & Belleville Electric Railway Company, the appellee, found that a rate of 2 mills on the dollar was the one to be employed in the taxing formula established by section 162a of the Revenue Act, (Ill. Rev. Stat. 1949, chap. 120, par. 643a,) and thus rejected the contention of appellant, who is the county collector, that the rate to be employed was 4 mills on the dollar.

Pertinent historical data shows that the East St. Louis Park District was organized August 24, 1908, under the provisions of an act relating to the organization of park districts and the transfer of submerged lands. (Laws of 1895, p. 272.) By section 22 of said act, as amended in 1925, (Laws of 1925, p. 500,) the maximum tax rate for such districts, except for bonded indebtedness and interest thereon, was fixed at 2⅔ mills on the dollar with a proviso that such rate could be increased by referendum to 4 mills. Accordingly, in 1926, the voters of the East St. Louis Park District authorized the 4-mill rate. At the time of the referendum the basis for the assessment of property in the district was one half the full cash value. (Cahill Stat. 1925, chap. 120, par. 329.) In 1927 however, the legislature changed the basis of assessment to the full cash value of property, (Cahill Stat. 1927, chap. 120, par. 329,) and at the same session reduced the rate of the district's taxes to 1⅓ mills without referendum, and to 2 mills by referendum. (Cahill Stat. 1927, chap. 105, par. 316.) The net result of these legislative actions was, as this court pointed out in *Board of Education* v. *Wagemann*, 331 Ill. 428, to limit the amount of taxes collectible to the same amounts that were collectible prior to 1927. Though rates and bases of assessment were changed, the amount of taxes produced was precisely the same. At a special session in 1928, the General Assembly further

amended section 22 of the Park District Act of 1895, so as to increase the maximum rate extendible for general corporate purposes to 1½ mills without referendum but made no change in the maximum 2-mill rate which could be authorized by referendum. (Laws of 1928, Special Sessions, p. 64.) The maximum rates thus established remained in effect without change until January 1, 1946, when section 162a of the Revenue Act (Laws of 1945, p. 1229) created a new formula for determining the tax rate of all taxing districts.

When the 1951 taxes here in question were extended the pertinent provisions of the taxing formula referred to were as follows:

"* * * no tax for any fund of any taxing district shall be extended at a rate requiring a greater percentage than, * * * 105% of whichever is lower of the following: (a) the product of: (i) the 1942 ratio of assessed to full, fair cash value * * * and (ii) the maximum tax rate for that fund of the taxing district in effect or authorized prior to January 1, 1946, whether established by referendum or by state [statute]; or, (b) the rate produced by dividing the maximum permissible 1945 tax extension for that fund of the taxing district by the 1946 full 100% fair cash value of the taxable property in the taxing district; provided that the maximum permissible 1945 tax extension shall be computed by the use of the maximum tax rate in effect or authorized prior to January 1, 1946, whether established by referendum or statute, applied to the 1945 assessment. * * *

"(2) The maximum tax rate authorized by any referendum held prior to January 1, 1946 shall continue in force as provided by the term of such referendum or the statutory provision applicable thereto." Ill. Rev. Stat. 1949, chap. 120, par. 643a.

It is the contention of appellant that the 1926 referendum authorizing the district to tax at the rate of 4 mills

was never repealed or voided in any manner and thus was the maximum rate authorized in the year 1945 within the meaning of the formula. Appellee, for its part, argues that by virtue of the 1927 amendment to section 22 of the Park District Act of 1895, (Cahill Stat. 1927, chap. 105, par. 316,) the district had statutory authority in 1945 only to levy at the rate of 2 mills on the dollar, and points out that if the 4-mill rate was permitted the district would, in dollars, be doubling the taxing power it had in 1945.

Although appellant, in his argument and presentation, has chosen to ignore the existence of the 1927 amendment lowering from 4 to 2 mills the maximum rate which could be authorized by referendum in the district, it is manifest that the basic question presented is the effect of an amendatory law fixing a maximum tax rate at a figure less than one previously established by a duly authorized referendum. The same problem was before this court in *Board of Education* v. *Wagemann,* 331 Ill. 428, and *People ex rel. Frazier* v. *Payne,* 296 Ill. 483, and we find such decisions to be decisive of the case at bar. Simply stated, the rationale of the cited cases is that the amendatory law does not operate to repeal the act as it theretofore existed but merely reenacts the law with a change of rate and thus remains as authority for taxing bodies to levy up to the new maximum fixed. They may not, however, make levies in excess of the maximum rate fixed by the amendment, for statutory authority for the larger levy no longer exists. So it is in the present case. After the 1927 amendment to the Park District Act of 1895, the district had no statutory authority to levy a tax in excess of 2 mills, even by referendum. The effect of the referendum authorizing the 4-mill rate was not voided, however, for with the change in basis of assessment made concurrent with the change of rate, the district still continued to have the same taxing power, in dollars, as it had before.

Inasmuch, therefore, as the maximum rate in effect and

authorized by statute prior to January 1, 1946, was 2 mills on the dollar, the county court properly held that such rate was the one to be used in the formula prescribed in the Revenue Act, and its judgment is affirmed.

*Judgment affirmed.*