In cause No. 23985 the 1935 tax levy of Gallatin county for county purposes included twenty-five cents for general purposes, four cents for mothers' pensions, five cents for blind pension, and twenty-one cents for pauper aid, aggregating fifty-five cents. Objections of The Baltimore and Ohio Southwestern Railroad Company to the items for blind pension and pauper aid were overruled, judgment was rendered for the tax, and the railroad company appealed.
In cause No. 24049 objections of The Cleveland, Cincinnati, Chicago and St. Louis Railway Company to items *Page 320 
of five cents for blind pension, fifteen cents for pauper relief, and five and one-half cents for tuberculosis sanitarium, in the 1935 Shelby county tax levy for county purposes, were overruled and judgment rendered for the tax. Other items of the county levy, not objected to, including twenty-five cents for general purposes, brought the total levy for county purposes to seventy-five cents. The railroad company has appealed.
In each cause the objector deposited, under protest, a sufficient amount to meet the statutory requirement before filing objections. In both cases it is claimed that the items for blind pension and pauper relief are illegal and void, and that such taxes must be included within the limitation of twenty-five cents for general county purposes provided by section 25 of the Counties act. (State Bar Stat. 1935 chap. 34, par. 25, p. 984.) The People claim that under section 25, as amended in 1935, those items are excepted from the limitation. The validity and effect of the amendents are questioned by the objectors.
In cause No. 24049 it is also claimed that the levy for tuberculosis sanitarium is void because the proposition to levy the tax was submitted to a vote in 1932, whereas the tax was not to be levied until 1933. It is urged that, to be valid, the tax must be levied in the year in which the proposition is submitted to a vote. The issues as to the county tax being the same in each case, the appeals have been consolidated for consideration.
A county has no powers except those expressly granted by statute and such powers as are necessarily incidental to carry out the express grants. (People v. Cleveland, Cincinnati,Chicago and St. Louis Railway Co. 360 Ill. 180; People v.Wabash Railway Co. 349 id. 93.) Section 25 of the Counties act defines the powers of the county boards of the several counties. Among them is the power to levy taxes for county purposes. It follows that the rate specified therein is a limitation of the tax that may be so levied. *Page 321 
Section 25 provides for the annual levy for county purposes at a rate not exceeding twenty-five cents in counties having less than 135,000 inhabitants. Prior to the amendments of 1935, certain taxes for specific purposes, not necessary to be noted here, were excepted from the rate so limited. Each of the counties of Gallatin and Shelby have less than 135,000 inhabitants. It is agreed that no statute other than section 25 confers any authority upon a county to except taxes for blind pension, or for pauper purposes, from the twenty-five-cent general county rate. Three amendments to section 25 were adopted at the 1935 session of the General Assembly, prior to the tax levies for that year. Therefore, if the levies for blind pension and pauper relief are to be excepted from the twenty-five-cent limitation, the authority to do so must be found within the provisions of section 25 as in force at the time the levies were made.
Each of the three amendatory acts purported to amend section 25, and set it forth as amended in its entirety. The first of these acts, (H.B. 375,) was passed June 12, approved June 19. By paragraph 6 taxes for a county blind relief fund were added to the then existing exceptions to the limitation. A second amendatory act (H.B. 581) passed June 26, filed July 12, excepted levies for pauper relief, but omitted the exception for blind pension as contained in House Bill 375. A third amendatory act (H.B. 1147) passed June 28, filed July 19, excepted levies for mothers' pension fund, but omitted the exceptions for blind pension as contained in House Bill 375, and pauper relief as contained in House Bill 581. None of the amendatory acts expressly repeals any other act or section of an act. Each of them provides: "Section 25 of `An act to revise the law in relation to counties' approved March 31, 1874, as amended, is amended to read as follows." The objectors claim that each of the amendatory acts repealed the next preceding amendment, leaving in force only the third act *Page 322 
excepting a mothers' pension fund from the limitation. In the alternative, they say that if that be not true, then all three of the acts must be held void as irreconcilable. The People invoke the general rules that repeals by implication are not favored and that statutes in pari materia which are not inconsistent with each other are to be construed as constituting one act.
The intent and purpose of section 25 is to fix a limitation on the rate to be extended for county purposes. The exceptions are not intended to authorize levies for the purposes mentioned in them. Authority for making levies for those purposes is found in other acts. The amendatory acts before us are manifestly inconsistent. The rule that statutes in pari materia
are to be construed together as one act applies only to such statutes as are, in themselves, consistent with each other.(Green v. Black, 352 Ill. 623; People v. Chicago andNorthwestern Railway Co. 340 id. 102.) Cases in which separate consistent acts have been upheld have no application here.
It is a general rule that where an act, or section of an act, is amended so as to read as it is repeated in the amendatory act, all such portions of the old act or section as are not repeated in the new act are repealed without any express words for that purpose, but all such portions of the old law as are retained, either literally or substantially, are regarded as a continuation of the old law and not as a new enactment. (Miner
v. Stafford, 326 Ill. 204; Northern Trust Co. v. ChicagoRailways Co., 318 id. 402; Merlo v. Johnston City and Big MuddyCoal Co. 258 id. 328.) We cannot, by judicial construction, legislate into existence an omitted provision. People v.Wiersema State Bank, 361 Ill. 75; First National Bank v.Hahnemann Institutions of Chicago, 356 id. 366.
The three amendatory acts are obviously repugnant as to the subject matter of exceptions. It is the rule that if inconsistent acts be passed at different times, the last one *Page 323 
is to be obeyed. (Kepley v. People, 123 Ill. 367; Huston v.Newgass, 228 id. 575; People v. Illinois Central Railroad Co.
295 id. 408.) The act of June 28, 1935, is the last expression of the legislature and the one which must be given effect. It therefore follows that the objections to the taxes for blind pensions and for pauper relief, in each case, should have been sustained.
The Shelby county tax for tuberculosis sanitarium is based upon a favorable vote therefor at the general election in November, 1932. The proposition submitted pursuant to a resolution adopted at the September meeting of the county board, provided for a tax not to exceed one mill on the dollar, for the years from 1933 to 1943, both inclusive, in addition to the limit of twenty-five cents for general county purposes.
Section 27 of the Counties act provides that whenever the county board shall deem it necessary to assess taxes, the aggregate of which shall exceed the limitation in section 25, the board may, by an order of record, set forth substantially the amount of the excess required, the purpose of the excess, the number of years it will be required to be levied, and provide for submitting the question to a vote. If the measure carries, the county board shall have power to cause such additional tax to be levied and collected in accordance with the terms of the resolution.
Section 2 of the act providing for tuberculosis sanitariums (State Bar Stat. 1935, chap. 34, par. 148; Smith-Hurd Stat. 1935, chap. 34, par. 165;) after providing for submitting the question of the tax to a vote at the next general election, provides that in case of a favorable result, the county board shall thereafter annually levy a tax of not to exceed one and one-half mills on the dollar to be known as the tuberculosis sanitarium fund and thereafter shall, in the annual appropriation bill, appropriate from such fund the necessary amount to defray the expenses of such sanitarium. *Page 324 
We have held in analogous cases, that similar taxes may be levied for the year in which the election was held. (People v.St. Louis, Alton and Terre Haute Railroad Co. 300 Ill. 519;Chicago and Eastern Illinois Railroad Co. v. People, 218 id. 463.) In the latter case we said that section 27 contemplates that the county board, if practicable, will act immediately after a favorable election and is not required to delay the levy until the following September meeting. However, neither of those cares holds that immediate action is imperative or that the election or the levy must be for a tax for the current year in which the election is held.
In People v. Ross, 275 Ill. 70, the statute authorizing a tax upon a favorable referendum for hard road purposes, provided "that the county clerk shall cause such levy to be extended on the tax books for the current year and for each succeeding year." We held that under the terms of the particular act there was no authority to impose a tax to begin in the future, but that the act specifically provided it must begin with the current year. The statutes here under consideration make no such requirement. Obviously, that holding is not controlling in this case.
The objector argues that if a tax voted in one year may begin the next year it would be equally proper to sustain a tax voted to begin five, ten or fifty years after the year of the election. We are not to be understood as holding that a tax may be authorized by vote, or levied, to commence at any number of years in the future, but no authority is cited, and we know of none, which declares that a tax authorized and levied in any year after the passage of the annual tax levy, may not, in the absence of statutory provision to the contrary, validly begin the next succeeding year. It is conceivable that under the power to establish a sanitarium such a project might be under way but not completed in the then current year, so that a maintenance fund would not be necessary until the following year. We know *Page 325 
of no reason why such need may not be provided for a few weeks or a few months in advance of the time when the money will be actually needed. On the contrary, we have held that it is within the power, and it is the duty, of taxing authorities, to anticipate and provide for their needs in advance, but they have no power to accumulate funds to be used at some indefinite time for a purpose that has not been determined upon.Cleveland, Cincinnati, Chicago and St. Louis Railway Co. v.People, 208 Ill. 9; Mathews v. City of Chicago, 342 id. 120.
Section 2 of the act relating to tuberculosis sanitariums contemplates and provides that when the tax is authorized by a referendum, the county board shall thereafter, in the annual appropriation bill, make appropriations from that fund for the expenses of the sanitarium. Presumably the legislature knew that county annual appropriation bills are not passed in the last end of the fiscal year after the date of general elections. That being true, it was not contemplated that the tax must be appropriated for the year in which the election is held. The provision for the appropriation and that for the levy are alike in requiring that, after a favorable vote, the county board shall "thereafter" make the appropriation and the levy each year. The provision for such an appropriation was not contained in the statutes construed in any of the cases relied upon by the objector. There can be no logical reason for saying that the word "thereafter" has a different meaning as to time when applied to the levy than it has in connection with the appropriation. The authority to impose the tax, being expressly given without restricting the time when it is to begin, the statute, construed most strongly against the taxing authority and in favor of the tax-payer, is not invalid in providing for the tax to begin in the next succeeding fiscal year.
The judgment of the county court of Gallatin county is reversed and the cause is remanded to that court, with *Page 326 
directions to sustain the objections to the taxes for blind pension and pauper relief. The judgment of the county court of Shelby county is affirmed as to the tax for tuberculosis sanitarium, and is reversed as to the taxes for blind pension and pauper relief and the cause is remanded to that court with directions to enter a judgment in accordance with the views herein expressed.
 Judgment in No. 23985 reversed, and cause remanded, with directions.
 Judgment in No. 24049 affirmed in part, and reversed in part, and cause remanded, with directions.