No. 2--07--0111          Filed:  9-8-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--2826 |
| EDMUND T. PROUTY, | ) ) | Honorable Mitchell L. Hoffman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

After a bench trial, defendant, Edmund T. Prouty, was convicted of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(d)(1)(A) (West 2006)).  The trial court treated the offense as a Class 2 felony and sentenced defendant to three years' imprisonment.  The court denied defendant's motion to reconsider his sentence, and he appeals.

On appeal, defendant argues that he should have been sentenced for a Class 4 felony, not a Class 2 felony.  Defendant asserts that Public Act 94--116 (Pub. Act 94--116, eff. January 1, 2006), insofar as it changed the law by making aggravated DUI a Class 2 felony, was implicitly repealed by Public Act 94--609 (Pub. Act 94--609, eff. January 1, 2006).  We hold that, because the two acts do not irreconcilably conflict, the second did not repeal the first.  Thus, we affirm.

The indictment against defendant alleged that, on April 28, 2006, he committed aggravated DUI (625 ILCS 5/11--501(d)(1)(A) (West 2006)) by committing DUI (625 ILCS 5/11--501(a) (West

2006)) for the third or subsequent time. The indictment stated that aggravated DUI was a Class 2 felony. The trial court found defendant guilty and sentenced him to three years' imprisonment, the minimum for a Class 2 felony (730 ILCS 5/5--8--1(a)(5) (West 2006)).

Defendant moved to reconsider the sentence, arguing that, under subsection (d)(2) of section 11--501 of the Illinois Vehicle Code (625 ILCS 5/11--501(d)(2) (West 2006)), aggravated DUI was a Class 4 felony. (We shall refer to section 11--501 of the Illinois Vehicle Code as "the DUI statute.") Defendant cited the DUI statute generally but did not rely on Public Act 94--609. The trial court denied the motion, observing that Public Act 94--116 had made aggravated DUI a Class 2 felony (see Pub. Act 94--116, §5, eff. January 1, 2006). Defendant timely appealed.

On appeal, defendant contends that, although Public Act 94--116, which was enacted May 16, 2006, amended subsection (d)(2) of the DUI statute to make aggravated DUI a Class 2 felony, Public Act 94--609, which was enacted May 20, 2006, deleted the language that Public Act 94--116 had added and thus repealed the amendment. The State responds that the two acts can be reconciled so as to effectuate the legislature's intent to make aggravated DUI a Class 2 felony.

Defendant asserts a claim that he did not raise at the trial level. However, we may review his contention for plain error, as sentencing defendant under a nonexistent law would obviously violate his substantial rights. See People v. Fields, No. 1--06--3182, slip op. at 3 (June 30, 2008) (argument that defendant was improperly sentenced under Class X felony sentencing statute instead of Class 2 felony sentencing statute was reviewed for plain error).

Before Public Act 94--116 was enacted, subsection (d)(2) of the DUI statute provided that, with exceptions not pertinent here, a person convicted of aggravated DUI was guilty of a Class 4

felony.  625 ILCS 5/11--501(d)(2) (West 2004).  Public Act 94--116 amended subsection (d)(2) as follows:

"Except as provided in this paragraph (2) and in paragraphs (3) and (4) of subsection (c--1), a person convicted of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof is guilty of a Class 4 felony.  For a violation of subparagraph (C) of paragraph (1) of this subsection (d), the defendant, if sentenced to a term of imprisonment, shall be sentenced to not less than one year nor more than 12 years.  Except as provided in paragraph (4) of subsection (c--1), aggravated driving under the influence of alcohol, other drug, or drugs, intoxicating compounds [sic] or compounds, or any combination thereof as defined in subparagraph (A) of paragraph (1) of this subsection (d) is a Class 2 felony.  Aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof as defined in subparagraph (F) of paragraph (1) of this subsection (d) is a Class 2 felony, for which the defendant, if sentenced to a term of imprisonment, shall be sentenced to: (A) a term of imprisonment of not less than 3 years and not more than 14 years if the violation resulted in the death of one person; or (B) a term of imprisonment of not less than 6 years and not more than 28 years if the violation resulted in the deaths of 2 or more persons.  For any prosecution under this subsection (d), a certified copy of the driving abstract of the defendant shall be admitted as proof of any prior conviction.  Any person sentenced under this subsection (d) who receives a term of probation or conditional discharge must serve a minimum term of either 480 hours of community service or 10 days of imprisonment as a condition of the probation or conditional discharge.  This mandatory

minimum term of imprisonment or assignment of community service may not be suspended or reduced by the court." Pub. Act 94--116, §5, eff. January 1, 2006.

As pertinent here, Public Act 94--116 also amended subsection (c--1) of the DUI statute as follows:

"(2) A person who violates subsection (a) a third time, ~~if the third violation occurs during a period in which his or her driving privileges are revoked or suspended where the revocation or suspension was for a violation of subsection (a), Section 11--501.1, paragraph (b) of Section 11--401, or for reckless homicide as defined in Section 9--3 of the Criminal Code of 1961,~~ is guilty of a <u>Class 2</u> ~~Class 3~~ felony.

\* \* \*

(3) A person who violates subsection (a) a fourth ~~or subsequent~~ time, ~~if the fourth or subsequent violation occurs during a period in which his or her driving privileges are revoked or suspended where the revocation or suspension was for a violation of subsection (a), Section 11--501.1, paragraph (b) of Section 11--401, or for reckless homicide as defined by Section 9--3 of the Criminal Code of 1961,~~ is guilty of a Class 2 felony and is not eligible for a sentence of probation or conditional discharge." Pub. Act 94--116, §5, eff. January 1, 2006.

Public Act 94--609, enacted four days later, with the same effective date of January 1, 2006, includes all of the subsections of the DUI statute. It contains the following version of subsection (d)(2):

"Except as provided in this paragraph (2), a person convicted of aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds,

or any combination thereof is guilty of a Class 4 felony. For a violation of subparagraph (C) of paragraph (1) of this subsection (d), the defendant, if sentenced to a term of imprisonment, shall be sentenced to not less than one year nor more than 12 years. Aggravated driving under the influence of alcohol, other drug or drugs, or intoxicating compound or compounds, or any combination thereof as defined in subparagraph (F) of paragraph (1) of this subsection (d) is a Class 2 felony, for which the defendant, <u>unless the court determines that extraordinary circumstances exist and require probation</u> ~~if sentenced to a term of imprisonment~~, shall be sentenced to: (A) a term of imprisonment of not less than 3 years and not more than 14 years if the violation resulted in the death of one person; or (B) a term of imprisonment of not less than 6 years and not more than 28 years if the violation resulted in the deaths of 2 or more persons. For any prosecution under this subsection (d), a certified copy of the driving abstract of the defendant shall be admitted as proof of any prior conviction. Any person sentenced under this subsection (d) who receives a term of probation or conditional discharge must serve a minimum term of either 480 hours of community service or 10 days of imprisonment as a condition of the probation or conditional discharge. This mandatory minimum term of imprisonment or assignment of community service may not be suspended or reduced by the court." Pub. Act 94--609, §5, eff. January 1, 2006.

Public Act 94--609 contains subsection (c--1) as it read before the enactment of Public Act 94--116. The language removed by section 94--116 is not italicized, and the language that Public Act 94--116 added is absent, not stricken out.

Subsection (d)(1)(F) of the DUI statute is the same in both public acts. It states that a person commits aggravated DUI when, in committing DUI, he is involved in a motor vehicle, snowmobile,

all-terrain vehicle, or watercraft accident that results in the death of another person and the commission of DUI is a proximate cause of the death. Pub. Act 94--116, §5, eff. January 1, 2006; Pub. Act 94--609, §5, eff. January 1, 2006; see 625 ILCS 5/11--501(d)(1)(F) (West 2006).

Defendant contends that, although Public Act 94--116 amended subsection (d)(2) so as to make aggravated DUI a Class 2 felony, Public Act 94--609 undid this change. Defendant observes that, in Public Act 94--609, subsection (d)(2) lacks the language that Public Act 94--116 added to make aggravated DUI a Class 2 felony. Defendant asserts that, because the two acts cannot be reconciled, the latter controls, and he must be resentenced for a Class 4 felony. Further, he maintains, the rule of lenity requires any ambiguity to be resolved in favor of the lesser penalty.

We begin with section 6 of the Statute on Statutes (5 ILCS 70/6 (West 2006)), which, as pertinent here, provides:

"Two or more Acts which relate to [the] same subject matter and which are enacted by the same General Assembly shall be construed together in such a manner as to give full effect to each Act except in case of an irreconcilable conflict. In case of an irreconcilable conflict, the Act last acted upon by the General Assembly is controlling to the extent of such conflict. ***

An irreconcilable conflict between 2 or more Acts which amend the same section of an Act exists only if the amendatory Acts make inconsistent changes in the section as it theretofore existed." 5 ILCS 70/6 (West 2006).

If two acts may be construed so that both may stand, we must do so. People ex rel. Dickey v. Southern Ry. Co., 17 Ill. 2d 550, 555 (1959); People v. Caraballo, 231 Ill. App. 3d 685, 687-88

(1992). Our ultimate goal is to effectuate the intent of the legislature, which controls over "surface inconsistencies" between two acts. Dickey, 17 Ill. 2d at 554.

Public Act 94--609 sets out subsection (d)(2) as it existed before Public Act 94--116 was enacted. Public Act 94--116's amended subsection (d)(2) incorporates its amended subsection (c--1), and Public Act 94--609 omits the pertinent changes to subsection (c--1). Thus, the acts do conflict. However, we hold that they do not conflict irreconcilably and, to effectuate the legislature's intent, we conclude that Public Act 94--609 does not undo Public Act 94--116.

We note that Public Act 94--609 does not explicitly repeal the amendments that Public Act 94--116 made; any repeal is by implication, from the omission of parts of subsection (d)(2) and the omission of strikeout marks from the corresponding paragraphs of subsection (c--1). Per the second paragraph of section 6 of the Statute on Statutes, an irreconcilable conflict between these two acts exists only if they make inconsistent changes in the DUI statute "as it theretofore existed." 5 ILCS 70/6 (West 2004). The respects in which the two acts explicitly amend the original DUI statute are not inconsistent. Public Act 94--609 makes a limited change to subparagraph (F) of subsection (d)(1) of the DUI statute. That change is separate from those made by Public Act 94--116. Thus, under section 6 of the Statute on Statutes, the inconsistencies are not irreconcilable.

Moreover, we believe that, had the legislature consciously intended to repeal what it had passed four days earlier, it probably would have done so explicitly by striking out the language that Public Act 94--116 had added to subsection (d)(2) and by restoring, through underlining, the language that Public Act 94--116 had stricken from subsection (c--1). We note that the two acts were passed only four days apart, suggesting that the drafters of Public Act 94--609 simply overlooked what had just been added by Public Act 94--116. Such an inference is more plausible

than positing that the legislators had a sudden change of heart but chose to express it by passive indirection.

It is true that the general rule is that, when an act is amended so as to read as it is repeated in the amendatory act, portions of the old law not repeated are deemed repealed. Caraballo, 231 Ill. App. 3d at 687. However, this rule must yield to the command of section 6 of the Statute on Statutes, as well as the imperatives of harmonizing legislative acts if reasonably possible and effectuating the legislature's intent (see Caraballo, 231 Ill. App. 3d at 687).

Furthermore, for an act to repeal an earlier one by implication, there must be "such a total and manifest repugnance that the two cannot stand together." Dickey, 17 Ill. 2d at 555. We do not believe that that is the case here. The two acts "were intended to make separate and distinct changes" to the DUI statute and, thus, may "be given effect without inconsistency." Dickey, 17 Ill. 2d at 555. Public Act 94--116 amended the DUI statute so as to raise aggravated DUI from a Class 4 felony to a Class 2 felony. The change made by Public Act 94--609 was much narrower, limiting the discretion of a trial court to impose probation in the specific type of case in which the defendant's commission of DUI proximately causes a fatal accident.

Public Act 94--609's mere omission of the changes made by Public Act 94--116 is indistinguishable from the similar superficial inconsistency present in Dickey. There, the legislature passed an act that, among other things, amended a statute to grant school districts the authority to levy a transportation tax. A second act omitted the grant from the statute. The supreme court held that, because the broad purpose of the first act was separate and distinct from the much narrower purpose of the second act, "to adjust educational and building rates for certain districts," the second

did not repeal the first by implication. Dickey, 17 Ill. 2d at 555-56. Here, the broad purposes of Public Act 94--116 may coexist with the limited and distinct scope of Public Act 94--609.

Defendant relies on People ex rel. Hines v. Baltimore & Ohio Southwestern R.R. Co., 366 Ill. 318 (1937), to argue that the two acts are irreconcilably inconsistent. In Hines, the legislature passed three consecutive acts amending a section of a statute that limited tax levies by counties. All three acts set forth the section, as amended, in full. The first act created an exception to the taxation limit for levies to fund relief for the blind. The second act created a similar exception for poor relief but omitted the exception for relief for the blind. The third act created an exception for "mothers' pension fund[s]" but omitted the other two exceptions. Hines, 366 Ill. at 321. None of the acts expressly repealed any other act. The supreme court held that the third amendatory act conflicted irreconcilably with the prior two acts and thus abolished the other two exceptions, meaning that the original tax limit still applied to levies for the first two purposes but not to levies for mothers' pension funds. The court explained that the third act repeated all of the original act other than the two exceptions that were created by the two previous amendatory acts, and it concluded that the three amendatory acts were "obviously repugnant as to the subject matter of exceptions." Hines, 366 Ill. at 322.

Although Hines bears some resemblance to this case, we note that, in Hines, the three amendatory acts had similar purposes and were all focused on the narrow matter of exceptions to the taxation limit established by a particular statutory section. Thus, the acts did not have separate and distinct purposes as did those in Dickey or those here. Also, Hines, like Dickey, was decided before the legislature enacted what is now section 6 of the Statute on Statutes. Finally, to the extent that Hines is inconsistent with Dickey, we follow Dickey, the more recent opinion of our supreme court.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and BURKE, JJ., concur.