No. 2-08-0471     Filed: 6-7-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07--CF--3126 |
| TAURINO MALDONADO, | ) ) | Honorable Kathryn E. Creswell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Taurino Maldonado, was indicted for driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 2006)). Because he had at least five prior convictions of DUI, the offense was charged as a Class X felony under section 11--501(c--16) of the Illinois Vehicle Code (625 ILCS 5/11--501(c--16) (West 2006)). After a jury trial, defendant was convicted and sentenced to 20 years' imprisonment. The trial court denied his motion to reconsider sentence, and he timely appealed.

On appeal, defendant contends that his conviction must be reduced to a Class 4 felony and the cause remanded for resentencing. According to defendant, Public Act 94--114, which raised a sixth or subsequent DUI from a Class 2 felony to a Class X felony (see Pub. Act 94--114, §5, eff. January 1, 2006), was implicitly repealed by Public Acts 94--116 (Pub. Act 94--116, §5, eff. January

1, 2006) and 94--963 (Pub. Act 94--963, eff. June 28, 2006) and that, under Public Act 94--963, his offense is a Class 4 felony.

We hold that Public Act 94--963 has no bearing on this case, but that Public Acts 94--114 and 94--116 create a statutory ambiguity that we must resolve in favor of the more lenient provision. We affirm defendant's conviction of DUI but reduce the offense to a Class 1 felony, vacate defendant's sentence, and remand for resentencing.

Defendant did not raise his contention of error at the trial level, but we may consider it under the plain-error rule, as sentencing defendant under a nonexistent law would violate his substantial rights. See People v. Prouty, 385 Ill. App. 3d 149, 151 (2008).

We turn to the laws involved in this case, all of which directly or indirectly affect section 11--501 of the Illinois Vehicle Code (the DUI statute) (625 ILCS 5/11--501 (West 2006)). Public Acts 94--114 and 94--116 were both enacted on July 5, 2005, and took effect January 1, 2006. Previously, a third or subsequent DUI was a Class 4 felony. See 625 ILCS 5/11--501(d)(1)(A), (d)(2) (West 2004). Public Act 94--114 added subsection (c--16), reading, "Any person convicted of a sixth or subsequent violation of subsection (a) [(625 ILCS 5/11--501(a) (West 2006))] is guilty of a Class X felony." Pub. Act 94--114, §5, eff. January 1, 2006. Public Act 94--116 amended subsection (c--1)(2) by making a third DUI a Class 2 felony; amended subsection (c--1)(3) by making a fourth DUI a Class 2 felony with no eligibility for probation or conditional discharge; and, important here, added subsection (c--1)(4), reading, "A person who violates subsection (a) a fifth or subsequent time is guilty of a Class 1 felony and is not eligible for a sentence of probation or conditional discharge." Pub. Act 94--116, §5, eff. January 1, 2006. Public Act 94--116 omitted subsection (c--16) entirely.

Public Act 94--963, enacted June 28, 2006, and effective that date, did not amend any of the foregoing provisions or affect the penalties for a fifth or subsequent DUI. It amended subsections (j) and (k) of the DUI statute by creating new uses for DUI fines and fees. See 625 ILCS 5/11--501(j), (k) (West 2008); People v. Maldonado, 386 Ill. App. 3d 964, 978 (2008).

Also pertinent to this appeal is the Statute on Statutes (5 ILCS 70/6 (West 2006)):

"Two or more Acts which relate to [the] same subject matter and which are enacted by the same General Assembly shall be construed together in such manner as to give full effect to each Act except in case of an irreconcilable conflict. In case of an irreconcilable conflict the Act last acted upon by the General Assembly is controlling to the extent of such conflict. ***

An irreconcilable conflict between 2 or more Acts which amend the same section of an Act exists only if the amendatory Acts make inconsistent changes in the section as it theretofore existed." 5 ILCS 70/6 (West 2006).

Defendant argues that Public Acts 94--114 and 94--116 are irreconcilably inconsistent. The former, by adding subsection (c--16) to the DUI statute, elevated defendant's offense to a Class X felony. The latter did no such thing (not including subsection (c--16) at all) but instead made the offense a Class 1 felony. From this inconsistency, defendant does not conclude that Public Act 94--116 controls and makes his offense a Class 1 felony. Instead, he argues that Public Act 94--963 controls because it is the last act that pertains to the subject matter here and it includes neither of the amendments made by the other two acts. For the following reasons, we hold that subsection (c--1)(4) controls over subsection (c--16) of the DUI statute, making defendant's offense a Class 1 felony.

This is not the first time that the recent amendments to the DUI statute have caused confusion that our courts have had to resolve. Previous cases are not directly controlling, but they shed light on the issues here. In Prouty, we confronted an apparent inconsistency between Public Acts 94--116 and 94--609 (Pub. Act 94--609, eff. January 1, 2006). The former, enacted May 16, 2006, amended subsection (d)(2) of the DUI statute (625 ILCS 5/11--501(d)(2) (West 2006)) by raising a third or subsequent DUI from a Class 4 felony to a Class 2 felony and subsection (c--1) of the DUI statute (625 ILCS 5/11--501(c--1) (West 2006)) by raising a third or subsequent DUI, with certain aggravating conditions, from a Class 3 felony to a Class 2 felony (and by striking out certain language in accordance with the amendment to subsection (d)(2)). The defendant was sentenced under the amended subsection (d)(2) for a Class 2 felony. On appeal, he asserted that his offense was actually a Class 4 felony because Public Act 94--609, enacted May 20, 2006, implicitly repealed Public Act 94--116, as evidenced by its omission of the amendatory language of Public Act 94--116 and its inclusion of the language that Public Act 94--116 had deleted. Prouty, 385 Ill. App. 3d at 151.

This court disagreed, holding that the inconsistencies between the two acts did not show that the later one had repealed the earlier one. We started with the Statute on Statutes and two general principles: (1) if two acts may be construed so that both may stand, we must do so (Prouty, 385 Ill. App. 3d 154; see People ex rel. Dickey v. Southern Ry. Co., 17 Ill. 2d 550, 555 (1959)); and (2) our ultimate goal is to effectuate the legislature's intent, which controls over " 'surface inconsistencies' " between two acts (Prouty, 385 Ill. App. 3d at 154, quoting Dickey, 17 Ill. 2d at 554).

We explained that Public Act 94--609 did not explicitly repeal Public Act 94--116, as it omitted but did not strike out the language that Public Act 94--116 had added. Thus, any repeal was implicit. Prouty, 385 Ill. App. 3d at 154. Further, the respects in which the two acts explicitly

amended the DUI statute were not inconsistent, as they affected different aspects of the statute. Thus, under the Statute on Statutes, because the two acts did not make inconsistent changes in the DUI statute " 'as it theretofore existed,' " there was no irreconcilable conflict. Prouty, 385 Ill. App. 3d at 154, quoting 5 ILCS 70/6 (West 2004). Finally, we reasoned that, had the legislature wished to repeal Public Act 94--116 by passing Public Act 94--609, it probably would have done so explicitly by striking out the amendatory language that Public Act 94--116 had added to subsection (d)(2) and restoring, through underlining, the language that it had stricken from subsection (c--1). We noted that the two acts were passed only four days apart, and we concluded that it was more probable that the drafters of Public Act 94--609 had simply made an oversight than that they "had a sudden change of heart but chose to express it by passive indirection." Prouty, 385 Ill. App. 3d at 154.

In Maldonado, the defendants were convicted of aggravated DUI, a Class 4 felony, by committing DUI while lacking valid drivers' licenses. The offense was embodied in subsection (d)(1)(G) of the DUI statute (625 ILCS 5/11--501(d)(1)(G) (West 2006)). Subsection (d)(1)(G) was added by Public Act 94--329, which was passed May 18, 2005, and took effect January 1, 2006. On appeal, the defendants asserted that their convictions were void because (1) Public Act 94--609 had implicitly repealed Public Act 94--329; and (2) Public Act 94--963, which was enacted about a year later, did not include the language that Public Act 94--329 had added.

We rejected both arguments, holding that there was no irreconcilable conflict between Public Act 94--329 and either of the two later acts. We explained first that the three acts made wholly separate and distinct changes to the DUI statute. Public Act 94--329 increased the penalties for certain types of DUI; Public Act 94--609 limited the availability of probation for a violation of subsection (d)(1)(F) (625 ILCS 5/11--501(d)(1)(F) (West 2006)); and Public Act 94--963 expanded

the permissible uses of DUI fines and fees. The acts "affected different provisions of the statute, and all three may be given effect." Maldonado, 386 Ill. App. 3d at 975. Second, we noted that the defendants were simply mistaken in contending that Public Act 94--963 excluded the amendments made by Public Act 94--329. Maldonado, 386 Ill. App. 3d at 977. Third, we noted that the legislative histories of Public Acts 94--609 and 94--963 showed no evidence of an intent to repeal Public Act 94--329. Maldonado, 386 Ill. App. 3d at 977-78. Finally, we observed that in neither act was the amendatory language of Public Act 94--329 crossed out; it was merely absent from Public Act 94--609 and was actually incorporated into Public Act 94--963. Maldonado, 386 Ill. App. 3d at 978.

Two opinions from other districts are consistent with our holdings in Prouty and Maldonado. In People v. Gonzalez, 388 Ill. App. 3d 1003 (2009), the Third District agreed with Maldonado (without citing that opinion) that Public Act 94--609 did not implicitly repeal Public Act 94--329. In People v. Harper, 392 Ill. App. 3d 809 (2009), a First District case, the defendant was convicted under subsection (d)(1)(H) of the DUI statute. He contended that Public Act 94--329 had been implicitly repealed by Public Acts 94--609 and 94--963. The appellate court disagreed, first endorsing our reasoning in Maldonado that Public Acts 94--329 and 94--609 made separate and distinct changes to the DUI statute and thus were not irreconcilably inconsistent. Harper, 392 Ill. App. 3d at 817-18. Next, in harmony with Prouty and Maldonado, the court explained that, because Public Act 94--609 did not strike out subsection (d)(1)(H) and the two acts were passed only a few days apart, it appeared that the drafters of the second act simply overlooked the first one. Harper, 392 Ill. App. 3d at 818-19. Turning to the alleged conflict between Public Acts 94--329 and 94--963, the court also agreed with Maldonado that, because the acts affected separate and distinct portions

of the DUI statute, there was no conflict and both could be given effect. Harper, 392 Ill. App. 3d at 819.

We now consider whether Public Act 94--114 conflicts irreconcilably with either Public Act 94--116 or Public Act 94--963. For clarity, we discuss Public Act 94--963 first. We may speedily reject any contention that Public Act 94--963 controls. As did Public Act 94--329, Public Acts 94--114 and 94--116 affected a portion of the DUI statute wholly separate from and unrelated to that affected by Public Act 94--963. The earlier acts amended subsection (c) of the DUI statute to increase the sentencing range for certain types of DUI; the later one amended subsections (j) and (k) to broaden the permitted uses of DUI-related fines and fees. Thus, Public Act 94--963 did not make inconsistent changes in the DUI statute as it had existed (see 5 ILCS 70/6 (West 2006); Prouty, 385 Ill. App. 3d at 154), and it did not repeal either earlier act.

Given the foregoing, defendant's assertion that Public Act 94--963 did not include subsection (c--16) is irrelevant even if it is true. As the State notes, however, the text of Public Act 94--963 sets out separately each of several of the preceding acts that revised the DUI statute and appends, to each act, the changes that Public Act 94--963 makes to subsections (j) and (k) of the DUI statute. One of these preceding acts is Public Act 94--114, which does of course include subsection (c--16). Another is Public Act 94--116, which does not include subsection (c--16). In any event, even if Public Act 94--963 did omit the amendments made by Public Act 94--114, that mere omission would lend no support to the contention that Public Act 94--963 repealed Public Act 94--114.

We move to the more difficult issue: whether Public Act 94--116, which was enacted on the same day as Public Act 94--114 and had the same effective date, implicitly repealed Public Act

94--114. We hold that the acts create a statutory ambiguity that must be resolved in defendant's favor.

We agree with defendant that the two acts are inconsistent. Both amended the DUI statute as it existed before either was passed, and they did so in contradictory ways. Public Act 94--114 specifically made a sixth or subsequent DUI a Class X felony. Public Act 94--116 specifically made a fifth or subsequent DUI--and thus a sixth or subsequent DUI--a Class 1 felony. Thus, unlike in Prouty or Maldonado, the second act did not merely omit the amendments that the first act made, but affirmatively included amendments that could not be reconciled with the first act. The inconsistency was one of commission, not mere omission. Therefore, it appears to us that the acts irreconcilably conflict and that the Statute on Statutes requires us to prefer the later act over the earlier one. However, we need not resolve that question, as we reach the same result on a different basis: the rule of lenity.

The rule of lenity requires that any ambiguity in a criminal statute must be resolved in the way that favors the accused. People v. Jones, 223 Ill. 2d 569, 581 (2006). Applying the rule is especially appropriate with an enhancement provision. People v. Davis, 199 Ill. 2d 130, 140 (2002). Here, the DUI statute as now written is ambiguous because it is internally contradictory: it states both that a sixth or subsequent DUI shall be a Class 1 felony (subsection (c--1)(4)) and that a sixth or subsequent DUI shall be a Class X felony (subsection (c--16)). Both subsections are enhancement provisions. Thus, we must prefer subsection (c--1)(4) over subsection (c--16).

Our holding is supported, if not compelled, by People v. Hillenbrand, 121 Ill. 2d 537 (1988). There, the defendant was sentenced to consecutive prison terms of 50 to 150 years for one murder and 80 to 240 years for a second murder. He committed the offenses in 1970 and pleaded guilty that

year. The defendant escaped and was a fugitive for 13 years, so he was not sentenced until 1984. Under the law as it existed either at the time of his offenses or at the time of sentencing, consecutive sentences were mandatory. However, between January 1, 1973, and July 1, 1974, section 5--8--4(c) of the Unified Code of Corrections (Code) was phrased so as to bar the defendant's sentences from running consecutively, because their aggregate minimum would have exceeded 28 years. Hillenbrand, 121 Ill. 2d at 558-59; see Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005--8--4(c). The defendant contended that he was entitled to be sentenced under the more lenient intervening provision, so that his sentences would have to be concurrent rather than consecutive.

The supreme court agreed. The crucial point was that which sentencing scheme applied was governed by sections 8--2--4(a) and 8--2--4(b) of the Code, but, by their plain language, these provisions both applied to the defendant's unique situation. Section 8--2--4(a) applied to offenses committed before January 1, 1973. It stated that, if a defendant's offense had not reached the sentencing stage by January 1, 1973, the sentences under the Code applied " 'if they [were] less than under the prior law upon which the prosecution was commenced.' " Hillenbrand, 121 Ill. 2d at 558, quoting Ill. Rev. Stat. 1983, ch. 38, par. 1008--2--4(a). Section 8--2--4(b) applied to offenses committed before the effective date of the amendatory act of 1977 that created the provision. It stated that, if the defendant had not been sentenced before the effective date of the amendatory act, he had " 'the right to elect to be sentenced under the law as it existed at the time of his offense or under the law in effect on and after the effective date of this amendatory Act of 1977.' " Hillenbrand, 121 Ill. 2d at 558, quoting Ill. Rev. Stat. 1983, ch. 38, par. 1008--2--4(b).

The supreme court recognized that both sections applied to the defendant, yet provided contradictory results. Under subsection (a), he could elect to be sentenced under the statute in effect

between January 1, 1973, and July 1974, but under subsection (b) he would have to be sentenced under the harsher law in effect either in 1970 or after the 1977 amendment took effect. The court ruled that the defendant was entitled to the benefit of subsection (a). The court reasoned that it had "repeatedly held that an ambiguity in a penal statute as to which of two possible penalties is to be imposed is to be resolved in favor of lenity." Hillenbrand, 121 Ill. 2d at 560.

Here, in accordance with Hillenbrand, we apply the rule of lenity. The DUI statute is ambiguous because it prescribes mutually exclusive sentencing schemes for a defendant, such as defendant here, who has been convicted of committing a sixth or subsequent DUI. Under the rule of lenity, defendant must be sentenced for a Class 1 offense. Therefore, we affirm defendant's conviction but specify that it is under subsection (c--1)(4) of the DUI statute, not subsection (c--16). We vacate defendant's sentence and remand for resentencing in accordance with this opinion.

The judgment of the circuit court of Du Page County is affirmed in part and vacated in part, and the cause is remanded for resentencing.

Affirmed in part and vacated in part; cause remanded.

ZENOFF, P.J., and McLAREN, J., concur.