No. 2—09—0449
Opinion filed February 23, 2011

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kendall County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 06—CF—458 |
| | ) | |
| RONALD L. NEWTON, | ) | Honorable |
| | ) | Grant S. Wegner, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE JORGENSEN delivered the judgment of the court, with opinion. Justices Bowman and Birkett concurred in the judgment and opinion.

**OPINION**

After a bench trial, defendant, Ronald L. Newton, was convicted of two counts of felony driving under the influence of alcohol (DUI) under section 11—501(d)(1)(A) of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501(d)(1)(A) (West 2006)) and two counts of DUI under section 11—501(c—1)(4) of the Code (625 ILCS 5/11—501(c—1)(4) (West 2006)). Because the charges were based on the same conduct, the trial court entered a conviction only on one count under section 11—501(c—1)(4). This offense was a Class 1 felony because defendant had four prior convictions of DUI. See 625 ILCS 5/11—501(c—1)(4) (West 2006). The trial court sentenced defendant to 7½ years in prison and denied his motion to reconsider the sentence. Defendant timely appealed.

On appeal, defendant argues that his offense must be reduced from a Class 1 felony to a Class 4 felony, and the cause remanded for resentencing, because Public Act 94—116 (Pub. Act 94—116, §5 (eff. Jan. 1, 2006)), which created section 11—501(c—1)(4) and made his offense a Class 1 felony, is unconstitutional. Specifically, he contends, the act violates due process because other sections of the Code make a fifth DUI with aggravating factors only a Class 2 felony.

We affirm, because we hold that the sections of the Code that defendant contends make a fifth DUI a Class 2 felony apply only to a *fourth* DUI. Therefore, they coexist constitutionally with section 11—501(c—1)(4), and defendant was properly sentenced as a Class 1 felon.

Because this appeal raises questions of law, our review is *de novo. People v. Maldonado (Maldonado I)*, 386 Ill. App. 3d 964, 968 (2008). As statutory construction disposes of this appeal, we examine the pertinent provisions of section 11—501 of the Code. 625 ILCS 5/11—501 (West 2006). (For convenience, we refer to section 11—501 as the "DUI statute.") We seek to ascertain and effectuate the legislature's intent. *Maldonado I*, 386 Ill. App. 3d at 968. We rely in part on section 6 of the Statute on Statutes:

"Two or more Acts which relate to [the] same subject matter and which are enacted by the same General Assembly shall be construed together in such a manner as to give full effect to each Act except in case of an irreconcilable conflict. In case of an irreconcilable conflict the Act last acted upon by the General Assembly is controlling to the extent of such conflict. ***

An irreconcilable conflict between 2 or more Acts which amend the same section of an Act exists only if the amendatory Acts make inconsistent changes in the section as it theretofore existed." 5 ILCS 70/6 (West 2006).

If two acts may be construed so that both may stand, we must do so. *People ex rel. Dickey v. Southern Ry. Co.*, 17 Ill. 2d 550, 555 (1959). The legislature's intent controls over "surface inconsistencies" between two acts. *Id.* at 554.

We turn to the relevant provisions of the DUI statute and the acts that created them. Subsection (a) of the DUI statute sets out the elements of DUI (625 ILCS 5/11—501(a) (West 2006)). Subsection (b—2) states that, except as the DUI statute provides otherwise, a violation of subsection (a) is a Class A misdemeanor (625 ILCS 5/11—501(b—2) (West 2006)). Defendant was convicted under subsection (c—1)(4) of the DUI statute, which states, "A person who violates subsection (a) a fifth or subsequent time is guilty of a Class 1 felony and is not eligible for a sentence of probation or conditional discharge." 625 ILCS 5/11—501(c—1)(4) (West 2006). Subsection (c—1)(4) was created by the passage of Public Act 94—116, which was approved July 5, 2005, and took effect January 1, 2006. Pub. Act 94—116, §5 (eff. Jan. 1, 2006).

According to defendant, subsection (c—1)(4) makes any fifth DUI a Class 1 felony—yet, under three other subsections of the DUI statute in effect at the time of his offense, a fifth DUI with aggravating elements is only a Class 2 felony. These three subsections are subsection (c—1)(3) (625 ILCS 5/11—501(c—1)(3) (West 2006)); subsection (c—11) (625 ILCS 5/11—501(c—11) (West 2006)); and subsection (c—15) (625 ILCS 5/11—501(c—15) (West 2006)). Defendant cites the versions of these subsections appearing in Public Act 94—609, which was approved August 16, 2005 (Pub. Act 94—609, §5 (eff. Jan. 1, 2006)). Public Act 94—609 in turn carried these versions over from Public Act 94—329, which was approved July 26, 2005 (Pub. Act 94—329, §5 (eff. Jan. 1, 2006)). The three subsections, as set out in Public Act 94—329, make a "fourth or subsequent" DUI a Class 2 felony (Pub. Act 94—329 (eff. Jan. 1, 2006)). (We shall quote these subsections in full when we recount the pertinent history of the DUI statute.)

Defendant argues that, because these provisions make a Class 1 felony a lesser included offense of several Class 2 felonies, Public Act 94—116 violates due process. See *People v. Christy*, 139 Ill. 2d 172, 181 (1990). The State counters that the versions of subsections (c—1)(3), (c—11), and (c—15) that appear in the last two public acts do not reflect the intent of the legislature. For the reasons that follow, we agree with the State.

The numerous and, it appears, hurried amendments that were made to the DUI statute in 2005 have been the subject of several recent opinions. See *People v. Maldonado (Maldonado II)*, 402 Ill. App. 3d 1068 (2010); *People v. Harper*, 392 Ill. App. 3d 809 (2009); *People v. Gonzalez*, 388 Ill. App. 3d 1003 (2009); *Maldonado I*, 386 Ill. App. 3d 964; *People v. Prouty*, 385 Ill. App. 3d 149 (2008). We draw upon these opinions as needed, but what is fundamental is the history of the amendment process. Before the 2005 outburst of legislation, including the passage of subsection (c—1)(4), the pertinent subsections read as follows:

> "[(c—1)](3) A person who violates subsection (a) *** a fourth or subsequent time, if the fourth or subsequent violation occurs during a period in which his or her driving privileges are revoked or suspended where the revocation or suspension was for a violation of subsection (a) ***, Section 11—501.1, paragraph (b) of section 11—401, or for reckless homicide as defined in Section 9—3 of the Criminal Code of 1961, is guilty of a Class 2 felony and is not eligible for a sentence of probation or conditional discharge.
>
> * * *
>
> (c—11) Any person convicted a fourth or subsequent time for [*sic*] violating subsection (a) or a similar provision, if at the time of the fourth or subsequent violation the person was transporting a person under the age of 16, and if the person's 3 prior violations

of subsection (a) or similar provision occurred while transporting a person under the age of 16 or while the alcohol concentration in his or her blood, breath, or urine was 0.16 or more based on the definition of blood, breath, or urine units in Section 11—501.2, is guilty of a Class 2 felony, is not eligible for probation or conditional discharge, and is subject to a minimum fine of $3,000.

* * *

(c—15) Any person convicted of a fourth or subsequent violation of subsection (a) or a similar provision, if at the time of the fourth or subsequent violation the alcohol concentration in his or her blood, breath, or urine was 0.16 or more based on the definition of blood, breath, or urine units in Section 11—501.2, and if the person's 3 prior violations of subsection (a) or a similar provision occurred while transporting a person under the age of 16 or while the alcohol concentration in his or her blood, breath, or urine was 0.16 or more based on the definition of blood, breath, or urine units in Section 11—501.2, is guilty of a Class 2 felony and is not eligible for a sentence of probation or conditional discharge and is subject to a minimum fine of $2,500." (Italics omitted.) Pub. Act 93—800, §5 (eff. Jan. 1, 2005).

Under Public Act 94—114 (Pub. Act 94—114, §5 (eff. Jan. 1, 2006)), each of these subsections referred to a "fourth or fifth" DUI, rather than (as previously), a "fourth or subsequent" DUI. Without any of the aggravating factors set out above, a third, fourth, or fifth DUI was known as "aggravated" DUI (625 ILCS 5/11—501(d)(1)(A) (West Supp. 2005)) and, unless a more specific provision applied, was a Class 4 felony. 625 ILCS 5/11—501(d)(2) (West Supp. 2005).[1]

_____

[1]Public Act 94—114 also made a sixth or subsequent DUI, even without aggravating factors,

The first major amendments to the DUI statute, as far as this case is concerned, came with the passage of Public Act 94—116, which was approved July 5, 2005.[2] These amendments included the creation of subsection (c—1)(4), in the same form as now. They also included changes to the three other subsections that are pertinent to our analysis. We set out these amendments:

"(c—1) ***

* * *

(3) A person who violates subsection (a) a fourth ~~or subsequent~~ time~~, if the fourth or subsequent violation occurs during a period in which his or her driving privileges are revoked or suspended where the revocation or suspension was for a violation of subsection (a), Section 11—501.1, paragraph (b) of section 11—401, or for reckless homicide as defined in Section 9—3 of the Criminal Code of 1961~~, is guilty of a Class 2 felony and is not eligible for a sentence of probation or conditional discharge.

---

a Class X felony. 625 ILCS 5/11—501(c—16) (West Supp. 2005). However, in *Maldonado II*, we essentially nullified subsection (c—16) because it conflicted irreconcilably with subsection (c—1)(4) and, under the "rule of lenity," the conflict had to be resolved in favor of Public Act 94—116. *Maldonado II*, 402 Ill. App. 3d at 1074-75.

[2]Public Act 94—110, approved July 5, 2005, limited the application of subsection (c—11) to drivers 21 or older and raised the minimum fine to $25,000. Pub. Act 94—110, §5 (eff. Jan. 1, 2006). Public Acts 94—110 and 94—113, also approved July 5, 2005, inserted the word "a" between "or" and "similar" in the fourth line of subsection (c—11). *Id.*; Pub. Act 94—113, §5 (eff. Jan. 1, 2006).

>          (4) *A person who violates subsection (a) a fifth or subsequent time is guilty of a Class 1 felony and is not eligible for a sentence of probation or conditional discharge.*

* * *

(c—11) Any person convicted a fourth ~~or subsequent~~ time for [*sic*] violating subsection (a) or a similar provision, if at the time of the fourth ~~or subsequent~~ violation the person was transporting a person under the age of 16, and if the person's 3 prior violations of subsection (a) or a similar provision occurred while transporting a person under the age of 16 or while the alcohol concentration in his or her blood, breath, or urine was 0.16 or more based on the definition of blood, breath, or urine units in Section 11—501.2, is guilty of a Class 2 felony, is not eligible for probation or conditional discharge, and is subject to a minimum fine of $3,000.

* * *

(c—15) Any person convicted of a fourth ~~or subsequent~~ violation of subsection (a) or a similar provision, if at the time of the fourth ~~or subsequent~~ violation the alcohol concentration in his or her blood, breath, or urine was 0.16 or more based on the definition of blood, breath, or urine units in Section 11—501.2, and if the person's 3 prior violations of subsection (a) or a similar provision occurred while transporting a person under the age of 16 or while the alcohol concentration in his or her blood, breath, or urine was 0.16 or more based on the definition of blood, breath, or urine units in Section 11—501.2, is guilty of a Class 2 felony and is not eligible for a sentence of probation or conditional discharge and is subject to a minimum fine of $2,500." Pub. Act 94—116, §5 (eff. Jan. 1, 2006).

We note a crucial aspect of the DUI statute as it was amended by Public Act 94—116: the anomaly on which defendant's argument rests was not present. The Class 1 felony that subsection (c—1)(4) created was not a lesser included offense of any Class 2 felony in subsection (c—1)(3), (c—11), or (c—15) (or elsewhere). Instead, a fifth DUI was a *per se* Class 1 felony, while, under the other subsections, a fourth DUI with certain aggravating factors was a Class 2 felony. Defendant does not contend that this offended due process; he does not dispute that the legislature may subject any fifth DUI offender to a more severe penalty range (though not necessarily a longer sentence) than any fourth DUI offender. What defendant *does* contend, however, is that Public Acts 94—329 and 94—609 violated due process by making a fifth DUI under subsection (c—1)(4) both a Class 1 felony *and* a lesser included offense of the Class 2 felonies in subsections (c—1)(3), (c—11), and (c—15).

Public Act 94—329 was approved July 26, 2005, three weeks after Public Act 94—116 was approved. Public Act 94—329 did not explicitly amend subsection (c—1)(4) or reproduce it unchanged. Instead, it completely *omitted* subsection (c—1)(4). Further, it read:

> "[(c—1)](3) A person who violates subsection (a) a fourth or subsequent time, if the fourth or subsequent violation occurs during a period in which his or her driving privileges are revoked or suspended where the revocation or suspension was for a violation of subsection (a), Section 11—501.1, paragraph (b) of Section 11—401, or for reckless homicide as defined in Section 9—3 of the Criminal Code of 1961, is guilty of aggravated driving under the influence of alcohol, other drug or drugs, intoxicating compound or compounds, or any combination thereof and is guilty of a Class 2 felony, and is not eligible for a sentence of probation or conditional discharge.
>
> * * *

(c—11) Any person convicted a fourth or subsequent time for [*sic*] violating subsection (a) or a similar provision, if at the time of the fourth or subsequent violation the person was transporting a person under the age of 16, and the person's 3 prior violations of subsection (a) or *a* similar provision occurred while transporting a person under the age of 16 or while the alcohol concentration in his or her blood, breath, or urine was 0.16 or more based on the definition of blood, breath, or urine units in Section 11—501.2, is guilty of a Class 2 felony, is not eligible for probation or conditional discharge, and is subject to a minimum fine of $3,000.

\* \* \*

(c—15) Any person convicted of a fourth or subsequent violation of subsection (a) or a similar provision, if at the time of the fourth or subsequent violation the alcohol concentration in his or her blood, breath, or urine was 0.16 or more based on the definition of blood, breath, or urine units in Section 11—501.2, and if the person's 3 prior violations of subsection (a) or a similar provision occurred while transporting a person under the age of 16 or while the alcohol concentration in his or her blood, breath, or urine was 0.16 or more based on the definition of blood, breath, or urine units in Section 11—501.2, is guilty of a Class 2 felony and is not eligible for a sentence of probation or conditional discharge and is subject to a minimum fine of $2,500." Pub. Act 94—329, §5 (eff. Jan. 1, 2006).

Public Act 94—609, approved August 16, 2005, carried over the aspects of Public Act 94—329 that are pertinent here. Again, the legislature omitted subsection (c—1)(4) entirely. Again, it included versions of subsections (c—1)(3), (c—11), and (c—15) that contained no strikeouts or italics pertinent here yet omitted changes that the legislature had made starting with Public Act

94—114. These changes had been embodied in Public Act 94—116, passed less than two months earlier.

Under Public Acts 94—329 and 94—609, a simple fifth DUI is indeed a lesser included offense of several Class 2 felonies. Defendant relies on these two acts to argue that applying subsection (c—1)(4) to him violated due process. Defendant does not contend that the absence of subsection (c—1)(4) from these two acts means that subsection (c—1)(4) was repealed. He concedes that, when he committed his fifth DUI, Public Act 94—116 was still in force. But he contends that the versions of subsections (c—1)(3), (c—11), and (c—15) in Public Act 94—116 were no longer the law and that the versions of those subsections that the legislature included in Public Acts 94—329 and 94—609 were in effect when he committed his fifth DUI. We disagree, because we have rejected similar arguments before, for reasons that we still deem compelling.

In *Prouty*, we addressed an apparent conflict between Public Act 94—609 and Public Act 94—116. The defendant had been convicted of aggravated DUI for committing DUI for the third or subsequent time (see 625 ILCS 5/11—501(d)(2) (West 2006)). Public Act 94—116 had amended subsections (c—1) and (d)(2) of the DUI statute so as to elevate this offense from either a Class 3 felony or a Class 4 felony (see 625 ILCS 5/11—501(c—1), (d)(2) (West 2004)) to a Class 2 felony. On appeal, the defendant contended that Public Act 94—116 had been implicitly repealed by Public Act 94—609, so that his offense had to be reduced to a Class 4 felony. *Prouty*, 385 Ill. App. 3d at 151. We disagreed, holding that, under section 6 of the Statute on Statutes, the conflict between the two acts was not irreconcilable and the legislature had not intended that the latter repeal the former.

In *Prouty*, the defendant's argument was similar to the premise of defendant's constitutional argument here. He observed that Public Act 94—609 contained the versions of subsections (c—1) and (d)(2) that had predated the passage of Public Act 94—116. It omitted, but did not strike out,

the language that Public Act 94—116 had added, and it included, without any emphasis, language that Public Act 94—116 had stricken out. The defendant maintained in essence that, although Public Act 94—609 did not *explicitly* repeal Public Act 94—116, its omission of the changes that Public Act 94—116 had made amounted to an *implicit* repeal.

We disagreed, holding that, under section 6 of the Statute on Statutes, there was no "irreconcilable conflict" between the two acts: they did not make inconsistent changes in the DUI statute as it had "theretofore existed." 5 ILCS 70/6 (West 2006). We reasoned first that the explicit changes that the two acts made were not inconsistent, as they addressed wholly separate concerns: Public Act 94—609 made only a limited change to subsection (d)(2), which had nothing to do with Public Act 94—116. *Prouty*, 385 Ill. App. 3d at 154.[3] We explained second that the inconsistency in the acts' treatment of subsections (c—1) and (d)(2) did not support the defendant's reading of the legislature's intent. We explained:

> "[W]e believe that, had the legislature consciously intended to repeal what it had passed four days earlier, it probably would have done so explicitly by striking out the language that Public Act 94—116 had added to subsection (d)(2) and by restoring, through italicizing, the language that Public Act 94—116 had stricken from subsection (c—1). We note that the two acts were passed only four days apart, suggesting that the drafters of Public Act 94—609 simply overlooked what had just been added by Public Act 94—116. Such an inference is

---

[3]This part of *Prouty* incorrectly referred at one point to subsection (d)(1)(F) (625 ILCS 5/11—501(d)(1)(F) (West 2006)) and not subsection (d)(2). *Prouty*, 385 Ill. App. 3d at 154. That was a mistake that we now correct.

more plausible than positing that the legislators had a sudden change of heart but chose to express it by passive indirection." *Id.*

We followed *Prouty* in *Maldonado I*, in which the defendants were convicted of aggravated DUI, a Class 4 felony, for committing DUI while lacking valid drivers' licenses. The offense was embodied in subsection (d)(1)(G) of the DUI statute (625 ILCS 5/11—501(d)(1)(G) (West 2006)), which had been added by Public Act 94—329. On appeal, the defendants contended that Public Act 94—329 had been implicitly repealed by Public Act 94—609, which did not include the amendatory language of Public Act 94—329, and by Public Act 94—963 (Pub. Act 94—963, §5 (eff. June 28, 2006)), which made a similar omission. We disagreed, explaining that the three acts made wholly separate changes to the DUI statute; that the defendants were mistaken in asserting that Public Act 94—963 omitted the amendatory language at issue; that the legislative history of the two later acts showed no evidence of an intent to repeal Public Act 94—329; and that Public Act 94—609 did not strike out the amendatory language of Public Act 94—329, but merely omitted it—thus making an intent to repeal far less likely than mere careless drafting. *Maldonado I*, 386 Ill. App. 3d at 975-78.

The reasoning that governed *Prouty* and *Maldonado I* applies here and defeats defendant's contention that Public Act 94—116 was implicitly repealed by either Public Act 94—329 or Public Act 94—609 (or, for that matter, Public Act 94—963). By passing Public Act 94—116, the legislature set up a coherent and consistent scheme under which any fifth DUI would be a Class 1 felony, while any fourth DUI would be, at most, a Class 2 felony. We cannot agree with defendant that, when the legislature passed two more acts very shortly afterward, it intended to upset this straightforward and constitutionally impeccable arrangement with one that made a Class 1 felony a lesser included offense of several Class 2 felonies. That curious reading of legislative intent, if it can be supported at all, surely requires more than the mere omission of language, with no strikeouts,

italics, or other indicia of a conscious effort to repeal what had just been enacted. Moreover, even had we any doubt about the legislature's intent, we would adhere to the long-standing rules that (1) we interpret legislation so as to uphold its constitutionality, if reasonably possible (*Hill v. Cowan*, 202 Ill. 2d 151, 157 (2002)); and (2) we presume that the legislature did not intend absurdity, inconvenience, or injustice (*Brucker v. Mercola*, 227 Ill. 2d 502, 514 (2007)).

The drafters of Public Acts 94—329 and 94—609 were perhaps careless in working from outdated versions of the DUI statute. But legislative sloppiness is not tantamount to legislative intent. Defendant's attempt to elevate drafting mistakes to deliberate and sweeping changes in the law must be rejected. Therefore, we hold that he was properly convicted of Class 1 felony DUI.

The judgment of the circuit court of Kendall County is affirmed.

Affirmed.