# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Rosenbalm*, 2011 IL App (2d) 100243

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES G. ROSENBALM, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0243 |
| Filed | September 27, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the evidence showed that at the time of defendant's DUI offense his driver's license was being held as bond in another case and it had become invalid while being held, as it expired and he was unable to renew it because of outstanding fines in other cases, his conviction for aggravated DUI was upheld over his contention that the statute only required that he possess a license, not that his license was valid, since the appellate court interpreted section 11-501(d)(1)(H) of the Illinois Vehicle Code to provide that the aggravating factor applies if the offender does not possess a valid license. |
| Decision Under Review | Appeal from the Circuit Court of Boone County, Nos. 08-CF-235, 08-DT-123, 08-TR-4095; the Hon. John H. Young, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal      Thomas A. Lilien and Kathleen Weck, both of State Appellate Defender's Office, of Elgin, for appellant.

Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel      JUSTICE BIRKETT delivered the judgment of the court, with opinion.

Presiding Justice Jorgensen and Justice Burke concurred in the judgment and opinion.

## OPINION

¶ 1      Following a stipulated bench trial, defendant, James G. Rosenbalm, was convicted of aggravated driving under the influence (625 ILCS 5/11-501(d)(1)(H) (West 2008)). The trial court sentenced him to 24 months' probation and 480 hours of community service. Defendant appeals, contending that the trial court erred in denying his motion to dismiss. For the reasons that follow, we affirm.

¶ 2      BACKGROUND

¶ 3      Defendant was charged with two counts of aggravated driving under the influence in that on April 19, 2008, he operated a motor vehicle while under the influence of alcohol and while he "did not possess a driver's license." 625 ILCS 5/11-501(d)(1)(H) (West 2008). When defendant was arrested, his driver's license was being held as bond in another case. On September 29, 2007, while being held as bond, defendant's driver's license expired. Defendant was unable to renew his driver's license because of outstanding traffic fines in a number of other cases. See 625 ILCS 5/6-306.6(a) (West 2006) ("Whenever any resident of this State fails to pay any traffic fine, penalty, or cost imposed for a violation of this Code, or similar provision of local ordinance, the clerk may notify the Secretary of State, on a report prescribed by the Secretary, and the Secretary shall prohibit the renewal, reissue or reinstatement of such resident's driving privileges until such fine, penalty, or cost has been paid in full.").

¶ 4      Defendant moved to dismiss the charges, arguing that, although his driver's license was expired when he was arrested, the statute simply required possession of a driver's license, not possession of a *valid* driver's license. The trial court disagreed and denied defendant's motion.

¶ 5      Following a stipulated bench trial, on November 25, 2009, the trial court found defendant guilty. Over three months later, on March 10, 2009, the trial court sentenced defendant to 24 months' probation and 480 hours of community service. On the same day, defendant filed a motion entitled "Motion for Appeal," which requested a new trial based on a number of

alleged errors committed by the trial court. (There is no documented ruling on this motion in the record.) On March 24, 2010, defendant filed an amended notice of appeal.

¶ 6                                              ANALYSIS

¶ 7        On appeal, defendant argues that the trial court erred in denying his motion to dismiss because he possessed a driver's license under section 11-501(d)(1)(H) of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501(d)(1)(H) (West 2008)), even though his driver's license was expired at the time of the offense. Defendant has forfeited review of this contention, because he failed to raise it in a timely posttrial motion. See *People v. Rodriguez*, 408 Ill. App. 3d 782, 792 (2011) (the defendant forfeited his contention where he did not both object and raise it in a timely posttrial motion); 725 ILCS 5/116-1(b) (West 2008) (a motion for a new trial must be filed within 30 days following the entry of a finding or the return of a verdict).

¶ 8        Forfeiture aside, however, defendant's contention that section 11-501(d)(1)(H) does not require possession of a valid driver's license is devoid of any merit. The primary goal in statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Pullen*, 192 Ill. 2d 36, 42 (2000). The first step is to examine the language of the statute–"the surest and most reliable indicator of legislative intent." *Pullen*, 192 Ill. 2d at 42. If the statute does not provide a definition indicating a contrary legislative intent, words in the statute are given their ordinary and commonly understood meanings. *People v. Liberman*, 228 Ill. App. 3d 639, 648 (1992). Where the language is clear, the statute may not be revised to include exceptions, limitations, or conditions that the legislature did not express. *People v. Goins*, 119 Ill. 2d 259, 265 (1988). However, we must assume that the legislature did not intend an absurd or unjust result. *Pullen*, 192 Ill. 2d at 42. When determining the legislative intent of the criminal penalties associated with driving offenses as they relate to driver's license status, our courts have read the licensing provisions together with the penalty provisions. See *People v. Sass*, 144 Ill. App. 3d 163, 169 (1986); *People v. Manikas*, 106 Ill. App. 2d 315, 319-20 (1969).

¶ 9        Section 11-501(d)(1)(H) of the Code provides that a person commits aggravated driving under the influence when he or she drives under the influence and "the person committed the violation while he or she did not possess a driver's license or permit or a restricted driving permit or a judicial driving permit or a monitoring device driving permit." 625 ILCS 5/11-501(d)(1)(H) (West 2008). Although, as defendant contends, the statute does not expressly refer to a valid driver's license, to read the statute to avoid application of the aggravating factor where a person possesses a revoked, suspended, or expired license would lead to absurd results. See *People v. McCarty*, 223 Ill. 2d 109, 126 (2006) ("In interpreting a statute, we presume the legislature did not intend absurd results."). Under defendant's interpretation, a person who drives while under the influence and who has never been issued a driver's license would be subject to a charge of aggravated driving under the influence, but a person who drives while under the influence but has an expired or suspended license would not be, although the latter person is no more legally entitled to drive than the former. We do not believe that the legislature could have intended such a result.

¶ 10        Moreover, the physical driver's license card merely represents the permission, *i.e.*, license, that the state has granted a person to drive on the state's roadways, and it is the permission, not the card, that a person must possess to legally drive on the roads of Illinois. See 625 ILCS 5/6-101(a), (b) (West 2008) (requiring a "valid license or permit" to operate a motor vehicle in Illinois). Thus, the real question is not whether a person was ever issued a driver's license card, but whether, when the offense was committed, the person possessed permission from the state to drive. If, when the offense was committed, the person's permission, *i.e.*, license, was revoked, suspended, or expired, then that person did not possess a license to drive.[1]

¶ 11        Finally, it is apparent that the legislature has taken great effort to establish an elaborate scheme under which the Secretary of State is charged with maintaining records of who possesses valid driver's licenses in Illinois. See 625 ILCS 5/6-117 (West 2008) (records to be kept by the Secretary of State); 625 ILCS 5/6-204 (West 2008) (when courts are to forward license and reports to the Secretary of State). This scheme demonstrates the legislature's concern that only those possessing valid licenses operate motor vehicles on Illinois roads; such an elaborate scheme would be unnecessary if the legislature were not focused on penalizing those who operate vehicles without valid licenses.

¶ 12        We recognize that our interpretation that section 11-501(d)(1)(H) requires possession of a valid driver's license renders superfluous section 11-501(d)(1)(G) of the Code (625 ILCS 5/11-501(d)(1)(G) (West 2008)). See *People v. Botruff*, 212 Ill. 2d 166, 175 (2004) ("Each word, clause and sentence of the statute, if possible, must be given reasonable meaning and not rendered superfluous."). We conclude, however, that in this case it is better to render section 11-501(d)(1)(G) superfluous than to permit the absurd result that would obtain from defendant's interpretation of section 11-501(d)(1)(H). Moreover, given the extensive history of amendments to this statute and the resulting confusion, it is not at all unreasonable to believe that the overlap between these two subsections is simply an oversight by the legislature in enacting one of its many amendments to this statute. See *People v. Maldonado*, 402 Ill. App. 3d 1068 (2010) (discussing the mass confusion caused by the multitude of amendments made to the driving-under-the-influence statute); *People v. Prouty*, 385 Ill. App. 3d 149 (2008) (same).

¶ 13                                    CONCLUSION

¶ 14        The judgment of the circuit court of Boone County is affirmed.

¶ 15        Affirmed.

---

[1] We note that the issue presented to us is not whether a person must have the physical driver's license card in his or her possession at the time of the offense; thus, our decision does not represent a determination that a person commits aggravated driving under the influence when he or she drives while under the influence and does not have his or her driver's license card in his or her possession at the time of the offense.