NOTICE
Decision filed 12/05/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220651

NO. 5-22-0651

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 21-CF-671 |
| | ) | |
| GERMAN CRUZ AGUILAR, | ) | Honorable |
| | ) | Adam M. Dill, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE McHANEY delivered the judgment of the court, with opinion.
Justices Welch and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1    The State filed a two-count information alleging the defendant, German Cruz Aguilar, committed the offense of aggravated driving under the influence of alcohol (DUI) while he did not possess a driver's license (625 ILCS 5/11-501(a)(1), (2), (d)(1)(H) (West 2020)). After granting the defendant's motion to dismiss the State's information for failure to state an offense, the trial court granted the State leave to file additional counts with specificity. The State filed counts III and IV, charging the defendant with aggravated driving under the influence of alcohol while his driver's license was suspended pursuant to a financial responsibility insurance suspension. The trial court entered a written order dismissing counts III and IV, with prejudice, from which the State appeals. On appeal, the State contends that the trial court's judgment granting the defendant's motion to dismiss counts III and IV should be reversed where the trial court disregarded existing

1

precedent and relied on an unpublished decision with no precedential value. For the following reasons, we affirm.

¶ 2                                      I. Background

¶ 3      On June 10, 2021, the State filed a two-count information. Count I alleged that on April 30, 2021, the defendant committed the offense of aggravated driving under the influence of alcohol when the alcohol concentration in the defendant's blood or breath was 0.08 or more in violation of the Illinois Vehicle Code (*id.* § 11-501(a)(1)). Count II alleged that the defendant drove under the influence of alcohol (*id.* § 11-501(a)(2)). The aggravating factor cited in each count was that "defendant committed the violation while he did not possess a driver's license" in violation of section 11-501(d)(1)(H) of the Vehicle Code (*id.* § 11-501(d)(1)(H)) ("subsection (H)").

¶ 4      On May 31, 2022, the defendant filed a motion to dismiss the State's information for failing to state an offense. In his motion the defendant asserted that on the date he was charged with DUI, he had an unexpired driver's license that was suspended due to his failure to comply with an SR-22 insurance requirement.[1] The defendant maintained that the circuit court, in reliance on *People v. Hartema*, 2019 IL App (4th) 170021-U, previously had dismissed two similar cases by finding that a charge under subsection (H) cannot be properly based on an insurance suspension. The defendant noted that in the unpublished Rule 23 order (see Ill. S. Ct. R. 23(b) (eff. Apr. 1, 2018)), the Fourth District resolved the inconsistency between section 11-501(d)(1)(H) and section 11-501(d)(1)(G) of the Vehicle Code (625 ILCS 5/11-501(d)(1)(G) (West 2020)), holding that an

---

[1]An SR-22, or financial responsibility insurance, is required in Illinois for individuals with safety responsibility suspensions, unsatisfied judgment suspensions, revocations, mandatory insurance supervisions and individuals who receive three or more convictions for mandatory insurance violation. See Financial Responsibility (SR-22) Insurance, Driver Services, Office of Ill. Sec'y of State,, https://www.ilsos.gov/departments/drivers/drivers_license/SR-22_uninsured_crashes/finressr22.html (last visited Nov. 25, 2024) [https://perma.cc/CK2P-4GCU].

unexpired, suspended driver's license did not support a felony charge and conviction. *Hartema*, 2019 IL App (4th) 170021-U, ¶ 42.

¶ 5    On July 5, 2022, the State filed a response to the defendant's motion to dismiss, arguing that, because the defendant did not "possess" a driver's license in April 2021, counts I and II were viable charges. The State argued that in *People v. Rosenbalm*, 2011 IL App (2d) 100243, the Second District clarified what it means to "possess a driver's license" for purposes of subsection (H).

¶ 6    On August 16, 2022, following a hearing on the defendant's motion, the trial court dismissed counts I and II but granted the State leave to file additional counts specifically alleging the proof that defendant "did not possess a driver's license." On the same date, the State filed counts III and IV, which charged the same offenses as counts I and II but further alleged that defendant did not "possess" a driver's license, "in that [his] driver's license, while not expired, was suspended pursuant to a financial responsibility insurance suspension." Each count was charged as a Class 4 felony pursuant to section 11-501(d)(1)(H).

¶ 7    Thereafter, the defendant filed a motion to dismiss counts III and IV, again in reliance on *Hartema*, arguing that an unexpired, suspended driver's license did not support a felony charge and conviction. The State, in reliance on *Rosenbalm*, argued that the defendant did not "possess" a driver's license when he was charged with DUI; thus, the defendant was guilty of aggravated DUI. The State maintained that subsection (H) should be interpreted to apply to all license suspensions, including the defendant's suspension resulting from a financial responsibility insurance (SR-22) violation.

¶ 8    At the motion hearing, the parties stipulated that at the time the defendant was charged with aggravated DUI, his driver's license was suspended pursuant to a financial responsibility

3

insurance (SR-22) violation. The parties also stipulated that the defendant's Illinois driver's license was not expired at the time of the offense.

¶ 9    On September 20, 2022, the trial court dismissed counts III and IV with prejudice. In its written order, the trial court noted that the parties pled and stipulated that the defendant "owned" an unexpired driver's license in Illinois, although his right to use it was suspended for an SR-22 violation. The trial court further found that the plain language of subsection (H) does not elevate a Class A misdemeanor DUI to a Class 4 felony when a defendant's driver's license is suspended but unexpired. The trial court found that the State had cited *dicta* in *Rosenbalm* in support of the State's restrictive interpretation of what it means to "possess" a driver's license. The trial court explicitly stated that it fundamentally agreed with the analysis set forth on the issue in *Hartema*, a Rule 23 order from the Fourth District. The State filed a timely appeal.

¶ 10                                 II. Analysis

¶ 11    The State argues that the trial court's judgment granting the defendant's motion to dismiss counts III and IV should be reversed where the trial court disregarded existing precedent, relying instead on an unpublished decision with no precedential value. The defendant counters that the trial court did not err where its reasoning, based on an unpublished Rule 23 order, reflected the correct interpretation of subsection (H). Furthermore, the defendant asserts that the *Rosenbalm* court's comments regarding license suspensions under subsection (H) constituted nonbinding *dicta*. A reviewing court generally considers a trial court's ultimate ruling on a motion to dismiss charges under an abuse of discretion standard, but in cases such as the one before us where the issues present purely legal questions, the standard of review is *de novo*. See *People v. Stapinski*, 2015 IL 118278, ¶ 35.

¶ 12    The State argues that the trial court erred in relying on *Hartema*, an unpublished Rule 23 order from the Fourth District, instead of relying on *Rosenbalm*, a published decision from the Second District. An unpublished Rule 23 order is not precedential authority and may be cited only to support claims of double jeopardy, *res judicata*, collateral estoppel, or law of the case. *In re Michael H.*, 392 Ill. App. 3d 965, 968 (2009).[2]

¶ 13    Although a published decision of the appellate court is not binding on other appellate districts, it is binding on circuit courts throughout the state, unless there are conflicting decisions from various appellate districts and no controlling authority from a particular circuit court's home district, in which case that circuit court may choose between the conflicting decisions. *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 539-40 (1992). However, we note that "the precedential scope of a decision is limited to the facts before the court." *People v. Palmer*, 104 Ill. 2d 340, 345-46 (1984). Thus, the issue before this court is whether *Rosenbalm* was binding on the trial court or constituted nonbinding *dicta*.

¶ 14    In *Rosenbalm*, the defendant was convicted of aggravated DUI while he "did not possess a driver's license." *Rosenbalm*, 2011 IL App (2d) 100243, ¶ 3. At the time of his arrest, the defendant's driver's license was being held as bond in another case, during which time it expired. *Id.* The defendant moved for dismissal of the charges, arguing that the statute simply required possession of a driver's license, not possession of a valid driver's license. *Id.* ¶ 4. The trial court denied the defendant's motion, and he appealed. *Id.* ¶ 7.

---

[2]A nonprecedential Rule 23 order entered on or after January 1, 2021, may be cited for persuasive purposes. Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021). *Hartema*, 2019 IL App (4th) 170021-U, was filed in 2019.

¶ 15    In the instant case, the State attached to its reply brief Rosenbalm's appellate brief wherein Rosenbalm argued that, because the Secretary of State would not allow him to renew his expired driver's license because he had unpaid fines for various traffic violations, his driver's license was effectively "suspended" by the State. The appellate court rejected the defendant's argument and found that the defendant had forfeited review of his claim because he failed to raise it in a timely posttrial motion. *Id.* Nevertheless, the *Rosenbalm* court addressed the merits of the defendant's claim. *Id.* ¶¶ 8-12. In affirming the judgment of the trial court, the Second District reasoned:

> "[T]he physical driver's license card merely represents the permission, *i.e.*, license, that the state has granted a person to drive on the state's roadways, and it is the permission, not the card, that a person must possess to legally drive on the roads of Illinois. [Citation.] Thus, the real question is not whether a person was ever issued a driver's license card, but whether, when the offense was committed, the person possessed permission from the state to drive. If, when the offense was committed, the person's permission, *i.e.*, license, was revoked, *suspended*, or expired, then that person did not possess a license to drive." (Emphasis added.) *Id.* ¶ 10.

¶ 16    The State concedes that, where a reviewing court holds that a claim has been forfeited, any subsequent discussions as to the merits of the claim are *dicta*, as they are unnecessary to the disposition of the case. See *Ripplinger v. Quigley*, 231 Ill. App. 3d 1002, 1005 (1992). Nevertheless, the State maintains that the *Rosenbalm* court's comments were judicial *dicta*, which "have the force of a determination by a reviewing court and should receive dispositive weight in an inferior court." *People v. Williams*, 204 Ill. 2d 191, 206 (2003). "*Dicta* normally comes in two varieties: *obiter dicta* and judicial *dicta*." *Id.* "The term '*dictum*' is generally used as an abbreviation of *obiter dictum*, which means a remark or opinion uttered by the way." *Cates v.*

6

*Cates*, 156 Ill. 2d 76, 80 (1993). Generally, such a remark or opinion is not binding as authority or precedent within the *stare decisis* rule. *Id.* Judicial *dictum*, on the other hand, is "an expression of opinion upon a point in a case argued by counsel and deliberately passed upon by the court, though not essential to the disposition of the cause." *Id.* Judicial *dictum* is "entitled to much weight, and should be followed unless found to be erroneous." *Id.* Thus, the task before this court is to determine whether the judicial *dictum* in *Rosenbalm* was erroneous.

¶ 17    When interpreting a statute, "[t]he most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning." *People v. Clark*, 2019 IL 122891, ¶ 20. The statute must be viewed by a reviewing court "as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *Id.* "Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Id.* A reviewing court may consider "the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another," with the presumption that the General Assembly did not intend absurdity, inconvenience, or injustice in enacting the legislation. *Id.*

¶ 18    Pursuant to section ll-50l(c)(l), it is a Class A misdemeanor for a person to drive in the state of Illinois when the alcohol concentration in a person's blood or breath is above the legal limit (625 ILCS 5/11-501(a)(1) (West 2020)) or when a person is under the influence of alcohol (*id.* § 11-501(a)(2)). Subsection (H) elevates the penalty to a Class 4 felony where "the person committed the violation *while he or she did not possess a driver's license* or permit or a restricted driving permit or a judicial driving permit or a monitoring device driving permit." (Emphasis added.) *Id.* § 11-501(d)(1)(H).

¶ 19 The *Rosenbalm* court noted that, although subsection (H) "does not expressly refer to a valid driver's license, to read the statute to avoid application of the aggravating factor where a person possesses a revoked, suspended, or expired license would lead to absurd results." *Rosenbalm*, 2011 IL App (2d) 100243, ¶ 9. The *Rosenbalm* court recognized that its interpretation of subsection (H) renders superfluous subsection (G); nevertheless, it concluded that it was better to render subsection (G) superfluous than to permit the "absurd result that would obtain from defendant's interpretation of [subsection] (H)." *Id.* ¶ 12.

¶ 20 In the instant case, the trial court in its written order noted that a statutory dysfunction arose when subsection (H) was read in concert with subsection (G). In subsection (G), the legislature explicitly enumerated offenses that would elevate a Class A misdemeanor DUI to a Class 4 felony. These enumerated offenses include a suspension related to a previous DUI, a refusal to submit to chemical testing, failure to stop and comply with statutory factors after being involved in a motor vehicle accident resulting in death or personal injury, and reckless homicide. 625 ILCS 5/11-501(d)(1)(G) (West 2020). The trial court further noted that excluded from subsection (G) are the entirety of the other possible reasons for a driver's license suspension in Illinois including suspensions resulting from an SR-22 violation. Applying the rules of statutory interpretation, the trial court concluded that interpreting subsection (H) based on its plain language would in no way render subsection (G) superfluous. The trial court ultimately rejected the State's interpretation of what it means to "possess" a driver's license found in *Rosenbalm* and, instead, explicitly stated that it fundamentally agreed with the analysis set forth in *Hartema*.

¶ 21 In *Hartema*, the defendant appealed, arguing, *inter alia*, that the State failed to prove the aggravating element—not possessing a driver's license—to support his conviction for aggravated DUI. *Hartema*, 2019 IL App (4th) 170021-U, ¶ 3. In *Hartema*, the Fourth District disagreed with

the *Rosenbalm* court's *dicta* that subsection (H) applies to suspended licenses. *Id.* ¶¶ 40-42. "Following the mandate to interpret a statute in a manner so as not to render other provisions superfluous, [the *Hartema* court found] subsection (H) does not act as a catchall to extend aggravated DUI to individuals with suspended licenses for offenses not listed in subsection (G)." *Id.* ¶ 42.

¶ 22 Because the judicial *dicta* in *Rosenbalm* conflicts with the plain language of subsection (H) when read in concert with subsection (G) as it renders subsection (G) superfluous, we find it to be erroneous. Accordingly, as did the trial court, we agree with reasoning in *Hartema*.

¶ 23                    III. Conclusion

¶ 24 For the foregoing reasons, we affirm the trial court's judgment granting the defendant's motion to dismiss counts III and IV, with prejudice.


¶ 25 Affirmed.

*People v. Cruz Aguilar*, 2024 IL App (5th) 220651

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Champaign County, No. 21-CF-671; the Hon. Adam M. Dill, Judge, presiding. |
| **Attorneys for Appellant:** | Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Patrick D. Daly, and Trent Marshall, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Douglas R. Hoff, and Manuela Hernandez, of State Appellate Defender's Office, of Chicago, for appellee. |